MILDRED M. SNOOK, appellant, v. H. E. LONG, special administrator, et al., appellees.

No. 47554.

(Reported in 42 N.W. 2d 76)

April 4, 1950.

Hoegh & Meyer and W. W. Bulman, both of Chariton, and Eugene Poston, of Corydon, for appellant.

Stuart & Stuart, of Chariton, for appellees.

HAYS, J.—Plaintiff, while riding in a car owned and operated by her husband, sustained serious personal injuries due to a head-on collision with a car driven by defendant's decedent, Earl H. Turner. Turner died as a result of injuries sustained, and this action is brought against his administrator to recover damages. At the close of all of the testimony there was a directed verdict for the defendant, and plaintiff appeals. Where reference is made to appellee it is intended to refer to the deceased driver, Earl H. Turner.

Appellant in her petition asserts seven acts of negligence upon the part of appellee. In substance, they present but two propositions: (1) Violation of section 321.285, Code of 1946, being the "assured-clear-distance-ahead statute", and (2) defective and illegal lights. On this appeal the propositions or errors relied upon for a reversal center upon the refusal of the trial court to submit these two propositions to the jury.

Many material facts are not in dispute. At about 10:45 p.m. July 10, 1948, appellant, her husband, Marvin Snook, and two other people left the town of Humeston in her husband's Ford coupé. Appellant did not drive a car and had no control thereof on the night in question. Leaving Humeston, they drove north on Highway No. 65. At a point about two miles north, they approached a car being driven by one Dean Schecter, which was likewise proceeding north at about forty miles per hour. The night was clear, but dark, and the pavement dry. When appellant's car came within about thirty-five feet of the Schecter car, it turned into the left lane, or west side, of the pavement for the purpose of passing, and when at a point approximately five feet to the rear and to the left of the Schecter car collided head-on with appellee's car which was approaching from the north. Appellee's car was at all times in its proper lane on the pavement.

The testimony in regard to the condition of the lights on appellee's car is in sharp conflict. Testimony offered in behalf of appellant tends to show: that about ten days prior to the collision the appellee's car was being operated with headlights that cast a dull yellow glow and threw but little light on the pavement in front of it; on the night in question and just prior to the collision appellee's car was observed upon Highway No. 65 and that its lights were flickering on-and-off and casting a dull yellow to red light. Marvin Snook testified that he saw the Schecter car when he was about two hundred feet behind it; that he observed two dim, yellow-colored lights ahead which did not cast a light ahead on the pavement and appeared to be about a quarter to a half a mile down the highway; that he pulled to the left intending to pass the Schecter car and observed appellee's car immediately in front of him and about twenty-five feet away; that the dim yellow lights on appellee's car deceived him as to their distance in front of him at the time he turned into

the left lane. Appellant, as a witness, stated that as they started to pass the Schecter car she noticed two dim yellow lights ahead, which appeared to be about a half a mile away.

The Schecters, as witnesses for appellee, testified that they observed appellee's car as it approached them from the north; that its headlights appeared to be like those on any car and that as they approached it the lights were dimmed; that they cast a clear white light ahead.

The record clearly shows that appellant had no right of control over her husband's car. Under this situation, contributory negligence of her husband, if any, is not to be imputed to her. Carpenter v. Wolfe, 223 Iowa 417, 273 N.W. 169; Schwind v. Gibson, 220 Iowa 377, 260 N.W. 853. Also, a verdict having been directed for appellee, appellant is entitled to have the facts reviewed and considered in their most favorable light. Odegard v. Gregerson, 234 Iowa 325, 12 N.W.2d 559.

I. Did the court err in failing to submit to the jury the issue of the assured-clear-distance-ahead rule? We think not. This statute (section 321.285, Code of 1946) provides that no person shall drive at a speed greater than will permit him to stop within the assured clear distance ahead, such driver having the right, however, to assume that all persons using the highway will observe the law. The words "within the assured clear distance ahead" mean the distance from which discernible objects, reasonably expected or anticipated to be upon the highway, may be observed. Central States Elec. Co. v. McVay, 232 Iowa 469, 5 N.W.2d 817; Blowers v. Waterloo, C. F. & Nor. Ry. Co., 233 Iowa 258, 8 N.W.2d 751.

In the instant case appellee was in his rightful place on the highway. He was entitled to assume that anyone approaching him from the opposite direction would observe the law (in this instance, section 321.303, Code of 1946) which prohibits one from passing another car on the left unless it can be done without interference with cars approaching from the opposite direction. Appellant's driver clearly violated this law and created a situation which would not reasonably be anticipated by appellee. As we said in Coon v. Rieke, 232 Iowa 859, 6 N.W.2d 309, this statute is a speed statute, and where a driver of a motor vehicle in his proper place on the highway meets an oncoming car which

does not give way to the right, there is no clear distance ahead in which to determine the proper speed at which he should drive. Section 321.285 is not applicable and we find no merit in this assignment of error.

II. Did the trial court err in refusing to submit to the jury the issue of appellee's defective and illegal headlights? We hold that it did.

██ Appellee in his brief and argument states that on the question of negligence there was some meager evidence which merited examination and scrutiny. The trial court in its ruling on the motion for a directed verdict stated that if any ground of negligence would be sustained by the evidence it would be as to the defective lights, but that if appellant's driver saw the lights a quarter to a half a mile ahead, then the dimness of the lights, if established, would not be the proximate cause of the collision. Thus we may examine this assignment of error primarily from the viewpoint of proximate cause. Negligence is the proximate cause of an injury which follows such negligent act, if it can fairly be said that in the absence of such negligence the injury or damage complained of would not have occurred. Gray v. City of Des Moines, 221 Iowa 596, 265 N.W. 612, 104 A. L. R. 1228.

██ It is appellant's theory that, due to the defective and illegal lights on appellee's car appellant's driver was deceived in estimating the distance ahead he had for safe passing of the Schecter car. This, in substance, is the assertion of a legal excuse by appellant's driver for his negligence in violating the law as to the passing of cars on the left. Even though not pleaded, where there is evidence of a legal excuse for the violation of a statute the question is one for the jury. Sanford v. Nesbit, 234 Iowa 14, 11 N.W.2d 695. Had this action been brought by the driver of the appellant's car we believe under the facts in this record that he would be entitled to have this alleged legal excuse considered by a jury as bearing upon the question of his contributory negligence. Schroeder v. Kindschuh, 229 Iowa 590, 294 N.W. 784.

██ While appellant is not to be charged with contributory negligence upon the part of her driver, she is to be charged therewith if it is found to be the sole proximate cause of the

collision. If, however, the appellee is negligent under the facts in this case, and but for such negligence appellant's driver would not have been lulled into a sense of security and attempted to pass the Schecter car, then even though the negligence of her driver was a contributing cause to the collision, such negligence would not entitle appellee to a directed verdict. In the case of Wolfson v. Jewett Lumber Co., 210 Iowa 244, 227 N.W. 608, we held that a defendant whose negligence operates proximately to produce an injury to a passenger in another car is not entitled to a directed verdict because the host of such injured party was guilty of negligence which also operated proximately to produce the injury. We believe under this record that whether or not the appellee's car had defective headlights and, if so, whether this was a proximate cause of the collision, were questions for the jury and that the trial court erred in not so holding.

For the reasons stated, the judgment of the trial court is reversed.—Reversed and remanded.

All JUSTICES concur.