VINCENT C. MILLER, administrator of estate of Dennis C. Miller, deceased, appellant, v. IRA STENDER, appellee.

No. 49632.

(Reported in 98 N.W.2d 338)

SEPTEMBER 22, 1959.

REHEARING DENIED NOVEMBER 20, 1959.

Hess & Peters, of Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

THORNTON, J.—This is a law action to recover for the death of plaintiff's decedent in an intersection collision between a Triumph motorbike ridden by him and a 1951 two-door Plymouth automobile owned and driven by defendant. The vehicles were traveling in opposite directions and defendant attempted to make a left turn across the path of decedent's motorbike. The jury failed to agree after deliberating 46 hours and the trial court sustained defendant's motion for judgment notwithstanding the jury's failure to return a verdict on the grounds there was no evidence of causative negligence on the part of defendant and the evidence showed as a matter of law decedent was guilty of contributory negligence. Defendant had moved for a directed verdict on such grounds at the close of the evidence. See rule 243(b), Rules of Civil Procedure.

Plaintiff's appeal presents the question of the sufficiency of the evidence, to show defendant's negligence, to show the alleged acts of negligence or any of them were the proximate cause and that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff also complains of two instructions.

The collision occurred May 17, 1956, at 8 p.m. at the intersection of Highway No. 192, a north-and-south highway, and Manawa Avenue, an east-and-west road, two and a half miles south of the city limits of Council Bluffs. The intersection is a T intersection. Manawa Avenue extends east from Highway No. 192 but does not continue to the west. The scene of the accident is not within the limits of any municipality. There were no posted speed restrictions. Highway No. 192 was a black-top road, the black-top 27 feet wide. Manawa Avenue was a dirt road with some gravel, its width does not appear. Both vehicles had the lights on. Defendant, alone in his car, a man 62 years old, was traveling south with intention of turning left onto Manawa Avenue. Decedent, 19 years old, with Robert Epperson riding behind him, was traveling north. As defendant turned left across Highway No. 192 the vehicles collided. Decedent and Epperson were thrown over defendant's car to the northwest. Dennis died two days later from injuries received.

Plaintiff alleges defendant was negligent as to lookout, yielding one-half traveled way, turning from direct course without first ascertaining such turn could be made with reasonable safety, failing to depart to the right of the center line of Manawa Avenue and turning left without yielding the right of way to decedent approaching from the opposite direction. Defendant contends the evidence is insufficient as to all of these, that there is no showing of proximate cause and decedent was guilty of contributory negligence as a matter of law as to lookout, control and speed.

From the evidence the jury was entitled to find defendant approached the intersection from the north at 20 m.p.h., reduced his speed 15 m.p.h. and made his turn at five m.p.h. at a point close to the center line of Highway No. 192, and ten feet north of the north line of Manawa Avenue "angled in." This is his own testimony. Defendant's blinker signal was on and working for over 100 feet. Each driver had a clear and unobstructed view of the other for at least 300 feet. Decedent approached from the south and the testimony as to his speed at the point of collision varies from 35 to 55 m.p.h. Plaintiff's witness, Epperson, testified on cross-examination: "* * * At the moment of the impact we were driving approximately 40 to 45 miles an hour. * * *"; on direct he had said 35 to 40 miles and testified they were going 35 to 40 m.p.h. when they passed the bait house about 250 feet south of the intersection. Defendant's witness, LeRoy Mass, driving immediately behind defendant testified: "* * * In my opinion the speed of the motorcycle was approximately 50 or 55. I observed then a collision. * * * It sounded like it was still gaining speed when it hit." Mrs. Mass, riding with her husband, testified to 40 to 45 miles. Epperson testified they were 40 to 45 feet from defendant's car when it turned in front of them and said: "* * * I don't know really what Dennis Miller did at that time. I grabbed a little tighter; that's about all I could do because the car was so close. * * *." Mass testified, "* * * I stopped my car when he started to make his turn. I saw at that time there was going to be an impact." Dr. Harry E. Pump testified for defendant as follows: "* * * it appeared to be at that distance about 20 yards from the car, and then I

heard the crash * * *." Mrs. Drucilla W. Coan, 18 years old, a witness for defendant, testified, "* * * I saw the Stender car turn in front of the motorcycle."

Decedent was traveling in his own lane and looking straight ahead at least for the last four motorcycle lengths. The point of impact was five to ten feet north of the north line of Manawa Avenue in decedent's lane of traffic. The damage to the Plymouth was from the right door to the rear. The Plymouth stopped after the collision with the rear wheels on Highway No. 192 and the front end on Manawa Avenue facing southeast.

The defendant testified he was 50 feet from the intersection when he first saw the motorbike, he looked again and made his turn, the motorbike was then south of the bait house, he says "350 feet south." He also said he "didn't see it again until just before it hit" him and, "* * * I had already made the turn before I saw the motorcycle. * * * I observed this car all the time as it came toward me."

I. It is evident the crucial question is the position of the motorbike in relation to the intersection at the time defendant started to turn. Section 321.320 of the 1954 Code of Iowa, the Code here applicable, provides:

"Turning left at intersection. The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said· driver, having so yielded and having given a signal when and as required by this chapter,· may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn."

Section 321.314: "When signal required. No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only * * * after giving an appropriate signal * * *."

Defendant contends this is an intersection turn and he is entitled to the benefit of section 321.320.

The testimony above set out shows decedent as close as 40 feet, 60 feet, in front of, and as far away as 350 feet from defendant at the time he started his turn. Under the circum-

stances the proposition of whether or not the turn could be made with reasonable safety and whether or not the approaching motorbike constituted an immediate hazard was a question upon which reasonable minds might differ. It was for the jury to decide. Banghart v. Meredith, 229 Iowa 608, 294 N.W. 918.

II. The vehicles were meeting within the provisions of section 321.298 requiring motor vehicles meeting to give one-half the traveled way by turning to the right, and turning left across the path of the motorbike is evidence of negligence. Law v. Hemmingsen, 249 Iowa 820, 89 N.W.2d 386; Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275; Soreide v. Vilas & Co., 247 Iowa 1139, 78 N.W.2d 41.

III. Section 321.311: "Turning at intersections. The driver of a vehicle intending to turn at an intersection shall do so as follows: * * *

"Approach for a left turn shall be made * * * after entering the intersection the left turn shall be made so as to depart from the intersection to the right of the center line of the roadway being entered."

Defendant's own testimony shows he violated this section. He "angled in" ten feet before he entered the intersection. There is no conceivable way his course was such that he would depart from the intersection to the right of the center line of Manawa Avenue. Defendant argues this section is only for the benefit of traffic approaching on the intersecting highway. This argument cannot be accepted. The section plainly says the left turn shall be made after entering the intersection and so as to depart to the right of the center line. The jury here could well find that if this section had not been violated the accident would not have happened. Decedent had the right to assume, under the circumstances presented here, defendant would not attempt a left turn until he reached the intersection.

IV. The remaining ground of negligence submitted by the trial court is failure to keep a proper lookout. This is not statutory but a common-law duty to exercise ordinary care under the circumstances in maintaining a lookout. Law v. Hemmingsen, 249 Iowa 820, 833, 89 N.W.2d 386, 395; Hackman v. Beckwith and Soreide v. Vilas & Co., both supra.

The testimony of defendant as to maintaining a lookout is inconsistent. However, it is not necessary to rest on his testimony. Mass, driving immediately behind defendant, said, as above set out, "* * * I stopped my car when he started to make his turn. I saw at that time there was going to be an impact." Reasonable minds might differ as to whether or not the looking by defendant was sufficient under such circumstances. Also we have held turning in front of an oncoming vehicle is evidence of failure to keep a proper lookout. Law v. Hemmingsen, 249 Iowa 820, 830, 89 N.W.2d 386, 393; Hackman v. Beckwith, 245 Iowa 791, 802, 803, 64 N.W.2d 275, 282; and Pazen v. Des Moines Transportation Co., 223 Iowa 23, 27, 28, 272 N.W. 126.

It is the theory of plaintiff that defendant turned suddenly in front of decedent and thereby created an emergency, and defendant contends decedent's speed and failure as to control and lookout caused the accident. There is evidence in the record to support each theory. Soreide v. Vilas & Co., 247 Iowa 1139, 1149, 78 N.W.2d 41, 47.

In Law v. Hemmingsen, 247 Iowa 855, 861, 76 N.W.2d 783, 786, we quoted with approval the following statement from Carpenter v. Security Fire Ins. Co., 183 Iowa 1226, 1234, 168 N.W. 231, 233:

"If the theory which includes liability finds support—rational and reasonable support—in the evidence, the fact that reasonable minds might differ as to which of the two theories is better supported by the evidence does not justify the court in taking the case from the jury."

V. The defendant contends there is not a sufficient showing the alleged acts of negligence were the proximate cause of the accident. The single act of defendant in turning to the left in front of decedent is the basis of all of the above discussed specifications of negligence. This is often true. See Hackman v. Beckwith, 245 Iowa 791, 802, 64 N.W.2d 275; and Pazen v. Des Moines Transportation Co., 223 Iowa 23, 27, 28, 272 N.W. 126, 129. Reasonable minds could well differ on whether or not the single act of turning under the circumstances presented was the moving or producing cause. In Snook v. Long, 241 Iowa 665, 669, 42 N.W.2d 76, 78, 21 A. L. R.2d 1, we said:

"Negligence is the proximate cause of an injury which follows such negligent act, if it can fairly be said that in the absence of such negligence the injury or damage complained of would not have occurred. Gray v. City of Des Moines, 221 Iowa 596, 265 N.W. 612, 104 A. L. R. 1228."

See also Pazen v. Des Moines Transportation Co., 223 Iowa 23, 29, 272 N.W. 126, 130.

VI. Contributory negligence as a matter of law on the part of decedent is also determined by the position of his motorbike in relation to the intersection as defendant made his turn. There is testimony decedent was on his own or right side of the highway at all times and that he was looking straight ahead before the collision. This is substantial evidence of due care. Smith v. Darling & Co., 244 Iowa 133, 56 N.W.2d 47, 53. Decedent had the duty to have his vehicle under control and reduce the speed to a reasonable and proper rate when approaching and traversing an intersection. Section 321.288. But he is not required to reduce his speed if he is proceeding at a reasonable rate. Coon v. Rieke, 232 Iowa 859, 6 N.W.2d 309. See Mueller v. Roben, 248 Iowa 699, 704, 82 N.W.2d 98, 101, wherein we quoted with approval from Davidson v. Vast, 233 Iowa 534, 541, 10 N.W.2d 12, 16, 17, where we said:

"Even if decedent were traveling at 50 miles per hour, we are not prepared to hold that he would thereby be guilty of contributory negligence as a matter of law. He had a right to assume, until he knew or in the exercise of reasonable care should have known otherwise, that any driver approaching from the east would comply with the statute governing the right of precedence."

This language is particularly applicable here. As we have seen, it is a jury question as to which party had the right of way. In the event the jury decide that issue in decedent's favor he had the right to assume defendant would yield the right of way and remain in a place of safety. Clearly the question of decedent's speed, control and lookout is not for the court and should be left to the jury. Under repeated decisions of this court contributory negligence is peculiarly a question for the jury. Auen v. Kluver, 250 Iowa 619, 95 N.W.2d 273; Brower v. Quick, 249 Iowa 569, 88 N.W.2d 120; Jacobson v. Aldrich,

246 Iowa 1160, 68 N.W.2d 733; Banghart v. Meredith, supra; and citations in these cases.

It was error to sustain defendant's motion for judgment notwithstanding the jury's failure to return any verdict.

VII. Plaintiff complains of Instructions Nos. XV and XXI.

Instruction No. XV is as follows:

"Where a collision occurs between two motor vehicles, it may be that the driver of only one of the vehicles *is responsible* or *at fault* for the collision and that the other driver is in no way to *blame*. If this situation exists, the driver who was *at fault* is liable for damages resulting from the collision. It may be, however, that both drivers involved in the collision are *partly responsible* or *at fault* in causing the collision. Where this situation exists, neither party can recover from the other for damages resulting from the collision. This is true regardless of the extent or degree of *blame* which should be attached to either driver.

"The law will not permit recovery by a person who is in any manner *at fault* in causing the injury or damages complained of. You will keep these general principles in mind in determining the case." (Emphasis supplied.)

Complaint is made that the italicized words above were not defined and as the court had properly defined negligence and contributory negligence in the instructions the effect was to set up two standards, one made definite by the court, the other left to the jury's definition. The instruction may be subject to criticism on the ground urged and in any event was quite unnecessary. However we are not persuaded it was reversible error. The italicized terms are commonly understood and the court doubtless intended only to state general principles, in common language, to be kept in mind in determining the case.

Instruction XXI submitted the assured-clear-distance-ahead rule on the question of decedent's contributory negligence. The "within the assured clear distance ahead" statute, section 321.285, is a speed statute, and the speed should be such as to be able to stop within the distance discernible objects in the path or lane of traffic may be observed. Under the circumstances presented here there is no clear distance ahead in which to deter-

mine the proper speed at which he should drive. Snook v. Long, 241 Iowa 665, 668, 42 N.W.2d 76, 21 A. L. R.2d 1; Coon v. Rieke, 232 Iowa 859, 864, 6 N.W.2d 309. The defendant contends because he was approaching the intersection with his turn signal working his car and signal were discernible under this rule. His car and signal were discernible but not within the purview of this statute. The speed requirement for decedent under the circumstances was reasonable and proper.

For the reasons stated, the judgment of the trial court is reversed.—Reversed and remanded.

All JUSTICES concur except JUSTICE PETERSON who takes no part.