CLINTON H. TURNER, appellee, v. FRED O. DETRICK, appellant.

No. 51729.

(Reported in 136 N.W.2d 253)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

June 30, 1965.

Getscher & Getscher, of Hamburg, for appellant.

Ewing & Beavers, of Maryville, Missouri, and Martin & Wenger, of Hamburg, for appellee.

Larson, J.—The sole question presented by this appeal is whether there was substantial competent evidence as to plaintiff's freedom from contributory negligence to generate a jury question. In this action tried to the court, the court held a fact question was presented, determined it in favor of plaintiff, and rendered judgment for damages in the sum of $3295 plus interest from October 15, 1961.

This automobile accident occurred about 4 p.m., October 15, 1961, on State Highway No. 333 about four and one-half miles east of Hamburg, Iowa. The rock and gravel roadway was about 37 feet wide, fairly level, with a well defined lane of travel each direction, separated by an 18-inch ridge of gravel. Slight ridges

of gravel also appeared outside the lanes about eight feet from the shoulders' edge. The weather was clear and the highway surface dry and hard. There was some dust but not sufficient to obstruct vision or make driving hazardous on this beautiful fall Sunday afternoon. Highway No. 333 is a through highway protected by stop signs on both sides. This accident occurred near an intersection of the highway and a north-south county road which led north to Riverton, Iowa. There was a rounded corner where southbound traffic from the county road turned west on Highway No. 333.

It appears defendant's car was eastbound in the south lane of the highway when plaintiff first saw it. At that time he said defendant was about 200 feet west of the intersection. Plaintiff further testified that as he entered the intersection, driving westward in his north lane, he saw defendant's car suddenly start across the center of the highway in a northeasterly direction across his lane of traffic, apparently in an effort to cut the corner and go north toward Riverton.

Plaintiff said he took his foot off the footfeed, applied his brakes, and drove his car over to the north of his lane of travel in an effort to avoid a collision. He succeeded in getting over a car's width with his right wheels outside the north gravel ridge. Defendant's car did not pull back in its lane, but continued across the north lane about four and one-half feet where it struck the left side of plaintiff's vehicle and sent it out of control. The impact occurred 123 feet west of the center of the intersection, and plaintiff's car skidded out of control some 127 feet farther west where it upset. The car was almost a total wreck and there is no serious dispute as to the amount of damage to it.

I. It is appellant's contention that the evidence establishes plaintiff's excessive speed and lack of control under the circumstances revealed by the record. He also contends plaintiff violated section 321.288, Code of Iowa, 1962, in that he failed to reduce his speed and have his car under control as he approached and traversed the intersection just prior to the collision, that his negligence in so doing contributed to his damage and barred his recovery even though defendant did negligently fail to yield one

1200

half the traveled portion of the highway and run into plaintiff's vehicle.

Ordinarily questions of speed and control are not for the court but should be left to the jury. Miller v. Stender, 251 Iowa 123, 131, 98 N.W.2d 338, 343; Rogers v. Jefferson, 224 Iowa 324, 330, 275 N.W. 874. A speed of 50 to 55 miles an hour upon our highways is not per se an unreasonable speed. Beck v. Dubishar, 240 Iowa 267, 36 N.W.2d 438. If it is not beyond the speed limit for that road or highway, and it is not claimed it was, the question as to its reasonableness under the circumstances was a fact question for the jury. Davidson v. Vast, 233 Iowa 534, 541, 10 N.W.2d 12, 16. In just such a situation as we have here, we said: "Even if decedent were traveling at fifty miles per hour, we are not prepared to hold that he would thereby be guilty of contributory negligence as a matter of law. He had a right to assume, until he knew or in the exercise of reasonable care should have known otherwise, that any driver approaching from the east would comply with the statute governing the right of precedence." Davidson v. Vast and Miller v. Stender, both supra.

Plaintiff testified he approached this place at 50 to 60 miles per hour. His wife estimated the speed at 50 to 55 miles per hour just before the accident, and defendant stated he thought plaintiff was driving 70 or 75 miles per hour. This evidence was admissible. Its weight was for the finder of fact. The trial court found plaintiff's speed was 50 to 60 miles per hour and concluded that speed under the conditions here was reasonable and proper. The rule applicable to a situation of this kind is well settled.

We have often said where the conduct of the plaintiff is such that fair-minded and reasonable men might honestly and sincerely arrive at different conclusions with respect to an issue (reasonable speed here), then the court should submit the question to the jury. Thus it is only where it is apparent that the plaintiff's conduct was such that every fair-minded and reasonable man would come to but one conclusion that the court is warranted in finding contributory negligence as a matter of law. Rogers v. Jefferson, supra, 224 Iowa 324, 326, 275 N.W. 874, and citations; Carpenter v. Wolfe, 223 Iowa 417, 420, 273 N.W. 169;

Falt v. Krug, 239 Iowa 766, 774, 32 N.W.2d 781; Miller v. Stender, supra. In the very recent case of Thompson Wholesale Co. v. Frink, 257 Iowa 193, 198, 131 N.W.2d 779, 782, we pointed out that, generally speaking, questions of negligence, contributory negligence and proximate cause are questions for the jury. This is such a case and is not the exception to that rule. Also see McClenahan v. Des Moines Transit Co., 257 Iowa 293, 298, 132 N.W.2d 471, 474, 475, and rule 344(f)8 and 10, Rules of Civil Procedure.

■ Here, as in the Jefferson case, nothing obstructed the view of the parties, and both were familiar with the road and crossroads. Whether plaintiff's speed and control in this situation were reasonable was properly decided by the finder of fact.

Appellant's contention that the physical evidence belies the testimony of the parties is a proper jury argument, but it does not compel a finding of unreasonable speed or lack of adequate control. The investigating highway patrol officer said the plaintiff's skid marks revealed the brakes were applied near the center of the intersection, that his car then moved in a northwesterly direction across the gravel ridge a car's width north of the well beaten westbound lane of traffic before the impact 123 feet west of the intersection. The skid marks thereafter indicated a car out of control, showed it went near the north edge of the roadway, struck a sign post, and then rolled over as it came back on the highway 127 feet west of the point of impact.

Appellant argues that if plaintiff had slowed up for the intersection he would have had more and better control to meet the emergency he caused, and perhaps avoided the collision and the damage to his Cadillac automobile. We have our doubts, but in any event this was a question upon which reasonable minds might differ. In any event, we are satisfied this did not show plaintiff was guilty of contributory negligence as a matter of law.

■ II. Appellant's contention that under the evidence plaintiff violated section 321.288 of the Code also cannot be sustained. This section, which provides: "The person operating a motor vehicle * * * shall have the same under control and shall reduce the speed to a reasonable and proper rate: * * * (3)

When approaching and traversing a crossing or intersection of public highways, or * * *," has been previously considered by us, and in passing on what in the way of speed reduction is required by that statute, we said that if one is proceeding at a reasonable rate when approaching the intersection no further reduction is required. Miller v. Stender, supra, 251 Iowa 123, 98 N.W.2d 338, 343; Coon v. Rieke, 232 Iowa 859, 6 N.W.2d 309. Likewise, adequacy of control is measured by the reasonableness of presumptions that others will obey the laws of the road. Thus, the reasonableness of plaintiff's care and action as well as proximate cause of this damage were for the jury and, acting as the jury, the court found for plaintiff.

 III. Findings of fact in a law action are binding upon us if supported by substantial evidence, and we must consider the evidence in the light most favorable to the trial court's judgment. Rule 344(f)1, R. C. P.; Thompson Wholesale Co. v. Frink, supra, 257 Iowa 193, 198, 131 N.W.2d 779, 782, and citations. The evidence so viewed here requires an affirmance of the judgment below in favor of the plaintiff and against the defendant.—Affirmed.

All JUSTICES concur.