LAWRENCE V. REICH, appellee, v. FRANCES L. MILLER, appellant.

No. 52575.

(Reported in 151 N.W.2d 605)

JUNE 6, 1967.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, of Sioux City, for appellant.

Paul W. Deck and Robert J. Larson, both of Sioux City, for appellee.

GARFIELD, C. J.—The important question this appeal presents is whether defendant's alleged violation of the assured-clear-distance rule set out in section 321.285, Codes 1958, 1962, was properly submitted to the jury as a charge of negligence against him by plaintiff, driver of a car which came into the intersection of city streets defendant was approaching from the right. We hold it was error to submit this charge of negligence under the situation presented by the evidence.

This is the second appeal of the case. The first trial resulted in judgment on directed verdict for defendant on the ground of plaintiff's contributory negligence. On plaintiff's appeal we held, two judges dissenting, the issue of freedom from contributory negligence should have been submitted to the jury. The question before us now was not then presented or considered. Reich v. Miller, 257 Iowa 1040, 135 N.W.2d 651. The second trial with a different judge presiding resulted in judgment on jury verdict for plaintiff and the appeal is by defendant.

I. The general factual situation appears from our first opinion. We will attempt to minimize repetition. The collision occurred about noon on May 29, 1961, in the intersection of Twelfth and Jennings Streets in Sioux City. Plaintiff was driving north on Jennings, defendant west on Twelfth. Thus defendant was approaching the intersection from the right and had the directional right-of-way. Section 321.319, Codes 1958, 1962, provides, "Where two vehicles are approaching * * * so that their paths will intersect and there is danger of collision, the vehicle * * * from the right shall have the right of way."

There is a large house at the southeast corner of the intersection with a retaining wall around it about 34 inches high. On top of the wall were some bushes about five feet high. Elm trees were in the parking. Twelfth Street is 28 feet wide.

Plaintiff testified that when he was five to ten feet south of the south curbline of Twelfth Street he could see all the block on Twelfth to the east; when he first looked to his right the front end of his car was parallel with this curbline; he then saw defendant's car a few feet east of the alley in the center of the block; (defendant said he measured 170 feet from the east curbline of Jennings to the west curb of the alley); plaintiff was

unable to estimate the speed of the car when he first saw it; after looking to his right he looked to his left and saw nothing; he then looked to the north while proceeding across the intersection; plaintiff looked to his right again and saw defendant's car about 20 feet away; plaintiff "stepped on the gas to get out" but defendant's car struck his after it moved three to five feet to a point even with the north curbline of Twelfth.

Plaintiff estimated his own speed at 15 to 20 miles per hour and defendant's speed at 40 to 45 miles per hour. Plaintiff also said defendant admitted after the collision he did not see plaintiff.

Defendant's version is quite different. He and his wife, a front-seat passenger, insist defendant did not exceed 20 miles per hour after leaving Virginia Street, a block east of Jennings; that plaintiff was driving faster than defendant was; he did not tell plaintiff he did not see him but plaintiff made such a statement to defendant. Another witness testified plaintiff told him he did not see defendant before the accident. Defendant's version is it is necessary to be almost to the crosswalk on the east side of Jennings before there is any vision to the south.

This appears to be a typical intersection collision case with each party claiming and testifying he was first in the intersection and the other was driving faster than he was.

In considering the important question posed at the outset we think it is significant that plaintiff does not claim he stopped or reduced his speed at anytime before the collision but proceeded across the intersection without any such movement.

II. The court submitted to the jury the five specifications of negligence plaintiff alleged against defendant. Failing to: (1) have his car under proper control; (2) maintain a proper lookout; (3) reduce his speed to a reasonable and proper rate when approaching and traversing an intersection; (4) yield the right-of-way to plaintiff's automobile which was already in the intersection; and (5) operate his automobile so as to be able to stop within the assured clear distance ahead.

Propriety of submitting only this last specification is challenged on this appeal.

It is apparent specifications (1) and (3) charge violation of Code section 321.288 which provides, so far as applicable,

"Control of vehicle. The person operating a motor vehicle * * * shall have the same under control and shall reduce the speed to a reasonable and proper rate: * * *

"3. When approaching and traversing a crossing or intersection of public highways, * * *."

We have held several times this statute does not require reduction of speed if the motorist is already proceeding at a reasonable and proper rate. Miller v. Stender, 251 Iowa 123, 131, 98 N.W.2d 338, 343, and citations; Francis v. Barnes, 256 Iowa 1176, 1180, 130 N.W.2d 683, 685; Turner v. Detrick, 257 Iowa 1197, 1202, 136 N.W.2d 253, 256.

III. The assured-clear-distance rule is set out in the first paragraph of Code section 321.285 (section 5029, Code 1935) which requires all motorists to drive "at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law."

The first Iowa decision we find that sheds light on our problem is Wells v. Wildin, 224 Iowa 913, 922, 923, 277 N.W. 308, 115 A. L. R. 169, 176, 177. Defendant's decedent, who had the directional right-of-way, collided with a car which approached the intersection from the left. He was charged with violating the assured-clear-distance rule. Although there was clear evidence he was speeding we held the specification referred to should not have been submitted to the jury. As here, the vision of both drivers was partially obstructed on decedent's left as he approached the intersection. This from the opinion is applicable here:

"(7) Other statutory rules of the road fix the standards of care required of decedent under the circumstances disclosed by the record and Code section 5029 requiring the driver of an automobile to drive his car at a speed that will enable him to

stop his car within the assured clear distance ahead, has no application to the fact situation in the case at bar and the motion should have been sustained. * * * circumstances that would place a driver within the prohibition of the first part of the first paragraph of section 5029 requiring a person to drive at a careful and prudent speed not greater than nor less than is reasonable and proper having due regard to the traffic, surface, and width of the highway, etc., would not necessarily result in a violation of the provisions of the latter part of the paragraph requiring a driver to drive within the assured clear distance ahead."

Van Wie v. United States, N. D. Iowa (Judge Graven), 77 F. Supp. 22, 38, contains an exhaustive review of our statutory rules of the road and Iowa decisions bearing thereon. Plaintiff approached the intersection from the right, with the directional right-of-way, on a primary highway protected by stop signs. The mail carrier approached from the left. The United States contended plaintiff was contributorially negligent in violating the assured-clear-distance rule. After setting out the first paragraph of section 321.285 the opinion points out: "The portion of the statute just set forth specifies two duties: (1) to drive at a prudent and reasonable rate of speed under the conditions, and; (2) ability to stop within the assured clear distance ahead. [citations] The second duty referred to is known as the 'assured clear distance' rule. In general, it is not regarded as applicable where motor vehicles are approaching each other at intersections. Wells v. Wildin, 1938, 224 Iowa 913, 277 N.W. 308, 115 A. L. R. 169."

In Leinen v. Boettger, 241 Iowa 910, 922, 926, 44 N.W.2d 73, 80, 82, plaintiff drove his car off the pavement to avoid colliding with defendant's car which had been parked at the side of an intersecting highway and then backed into the intersection. Defendant contended plaintiff was negligent in violating the assured-clear-distance requirement. The opinion holds no such violation was shown but adds "We question whether the facts make the 'assured clear distance' statute (section 321.285, Code, 1946) applicable, * * *."

The facts in Boegel v. Morse, 251 Iowa 1253, 1258, 104

N.W.2d 826, 829, are much like those in Leinen v. Boettger, supra, except that defendant Morse drove into the intersection from the left and turned on the primary highway ahead of plaintiff who turned onto the shoulder to avoid a collision. There was evidence defendant was driving as slow as five miles per hour and plaintiff saw him approach the intersection at some distance. We held it was not error to refuse to instruct the jury as to plaintiff's claimed violation of the assured-clear-distance statute on the issue of contributory negligence. "Under this record we do not think the 'assured clear distance ahead' statute is applicable. Leinen v. Boettger, 241 Iowa 910, 44 N.W.2d 73; Miller v. Stender, 251 Iowa 123, 98 N.W.2d 338."

In Miller v. Stender, supra, defendant, in making a left turn onto a T intersection, collided with a motorbike driven by plaintiff's decedent from the opposite direction on the highway. There was evidence defendant's blinker turn signal was on for over 100 feet before the turn was attempted and his speed was reduced to five miles per hour. We held it was error to submit decedent's claimed violation of the assured-clear-distance rule as bearing on the issue of his contributory negligence. This from the opinion is quite inconsistent with plaintiff's argument here: "Under the circumstances presented here there is no clear distance ahead in which to determine the speed at which he should drive. (citations)  The defendant contends because he was approaching the intersection with his turn signal working his car and signal were discernible under this rule. His car and signal were discernible but not within the purview of this statute. The speed requirement for decedent under the circumstances was reasonable and proper." (Pages 132, 133 of 251 Iowa, page 344 of 98 N.W.2d)

In Paulsen v. Mitchell, 252 Iowa 65, 72, 73, 105 N.W.2d 603, 607, 608, defendant drove his truck onto the highway from a truck stop on the left side thereof and turned left in front of plaintiff. She drove onto the right shoulder to avoid a collision. We held the assured-clear-distance rule did not require a finding she was contributorially negligent and added: "Some of our precedents reach the same result by holding the assured-clear-distance rule is not applicable under facts analogous on prin-

ciple." Citing Leinen v. Boettger, Miller v. Stender and Boegel
v. Morse, all supra.

We think it must be taken as established from the above
decisions that the assured-clear-distance rule does not apply here
as against defendant who had the directional right-of-way and
the right to assume it would be accorded him, at least until he
knew or should have known otherwise. No Iowa decision has
been cited which supports the view that the rule is applicable to
defendant here and we are unwilling to so extend its application.

Plaintiff's argument seems to be that since we have said
the assured-clear-distance rule is essentially a speed regulation
rather than one requiring a motorist to stop (Bonnett v. Oert-
wig, 234 Iowa 864, 866, 14 N.W.2d 739, 741) and there is evi-
dence defendant was speeding, submission of the rule was
proper. The argument cannot be accepted. We think it is un-
sound and contrary to our holdings in Wells v. Wildin, supra,
224 Iowa 913, 922, 923, 277 N.W. 308, 115 A. L. R. 169, 176, 177,
and Miller v. Stender, supra, 251 Iowa 123, 132, 133, 98 N.W.2d
338, 344.

As in the Miller case, the speed requirement applicable here
was that of a reasonable and proper rate imposed by the first
sentence of section 321.285 and section 321.288, paragraph 3,
both supra. This requirement was submitted to the jury.

There is also evidence defendant exceeded the 25 mile
per hour speed limit imposed by the second paragraph of sec-
tion 321.285. However, this was not a pleaded specification of
negligence and therefore, properly, it was not submitted to the
jury. Perry v. Eblen, 250 Iowa 1338, 1346, 98 N.W.2d 832, 837,
and citations.

It is also argued there is evidence defendant did not see
plaintiff's approach to the intersection as soon as he could have
and if he had done so and then applied his brakes the collision
could have been avoided. It may be conceded the jury could have
so found and perhaps did. This would permit a finding defend-
ant was negligent in not maintaining a proper lookout, having
his car under control and speed as just discussed. All of these
were submitted.

It may also be conceded plaintiff's car, in a sense, was a discernible object. But it does not follow it was a discernible object as the term is used in the assured-clear-distance rule. A vehicle approaching from the opposite direction in its proper lane on the same highway would be a discernible object but not within the purview of section 321.285. Miller v. Stender, supra, 251 Iowa 123, 133, 98 N.W.2d 338, 344.

See also Snook v. Long, 241 Iowa 665, 668, 42 N.W.2d 76, 78, 21 A. L. R.2d 1; Coon v. Rieke, 232 Iowa 859, 864, 6 N.W.2d 309, 311, both cited in Miller v. Stender for the proposition no clear distance ahead was there present by which to determine the proper speed at which the driver of the motorbike should drive.

■ IV. Defendant also assigns as error the court's instruction to the jury that defendant had the burden to prove plaintiff was negligent. This assignment is without merit.

The instruction applies the law enacted by the Sixty-first General Assembly (chapter 430, section 1), now section 619.17, Code 1966, effective July 4, 1965. Schultz v. Gosselink, 260 Iowa 115, 148 N.W.2d 434, 437, 438, holds that as to actions involving an accident which occurred prior to the effective date of the statute, but trial commenced thereafter, the burden to plead and prove plaintiff was negligent rested on defendant although as to such actions defendant was required to prove only that plaintiff's negligence contributed in some manner or degree directly to the injury or damage. As to actions involving accidents which occurred after July 4, 1965, defendant, if he relies on plaintiff's negligence as a complete defense, must plead and prove it was a proximate cause of his injury or damage.

We are not here concerned with this last question of quantum of proof since defendant assigns error only because the burden of proof was placed upon him.

As stated at the outset of Division I, this accident happened in 1961. The second trial was not held until December 1965. Defendant concedes Schultz v. Gosselink would be conclusive against him as to this assignment if it were not for the fact the first trial was held and the former appeal decided before section 619.17 took effect. Defendant thinks our decision in 257 Iowa

938

1040, 135 N.W.2d 651, established the law then in effect on burden of proof as to contributory negligence as the law of the case.

■ The argument is without merit. It is true the general rule is that the decision of this court upon the first appeal becomes the law of the case and is to govern upon a subsequent trial and upon another appeal unless the facts upon the subsequent trial materially differ from those upon the former trial. Lawson v. Fordyce, 237 Iowa 28, 32, 21 N.W.2d 69, 73, and citations; Berger v. Amana Society, 253 Iowa 378, 382, 111 N.W.2d 753, 755.

However, this doctrine has no application here. Until the new Code section 619.17 took effect the rule in Iowa was that a plaintiff had the burden to plead and prove his freedom from contributory negligence. The new statute changed this procedural rule.

"The law of the case doctrine does not apply to a case where the policy of the law has been changed in the meantime by legislative enactment, at least in a case where the amended provision deals only with procedure rather than * * * substantive law." 5B C. J. S., Appeal and Error, section 1964e, page 574.

Petty v. Clark, 113 Utah 205, 215, 192 P.2d 589, 594, contains what is just quoted and adds: "An extensive research has failed to disclose any case where any court has held that the law of the case doctrine applies to this kind of a situation."

So far as pertinent, 5 Am. Jur.2d, Appeal and Error, section 751, pages 195, 196, states: "In other opinions the doctrine of the law of the case has been held to have no application where, in the interval between the two appeals, there has been a change in the law, by legislative enaction or judicial ruling, * * * ."

See also annotation, 87 A. L. R.2d 271, 344, 345; Shearer v. Weaver, 56 Iowa 578, 584, 585, 9 N.W. 907.

We may note that in what seems to be a recognition of the views just expressed defendant amended his answer after the second trial commenced by alleging a proximate cause of any damage or injury to plaintiff was his own negligence.

■ Another clear answer to this assigned error is that de-

fendant did not object to the instructions on the ground now raised and is therefore precluded from doing so here. Rule 196, Rules of Civil Procedure, and repeated decisions applying the rule.

For the error pointed out in Division III the cause is— Reversed and remanded.

All JUSTICES concur.