**RUAN TRANSPORT CORPORATION,**
a corporation, Appellee,

v.

Donald Eugene JACOBS, Appellant.

No. 56312.

Supreme Court of Iowa.

March 27, 1974.

a collision with a 1965 Mercury Comet automobile owned and being driven by defendant, Donald Eugene Jacobs. Plaintiff's theory of recovery was based on defendant's alleged negligence in one or more of eight specifications as a proximate cause of the collision. Defendant asserted negligence of the driver of plaintiff's truck as a complete defense.

Defendant's motion for directed verdict made at the close of plaintiff's evidence and renewed at the close of all evidence was overruled and the matter submitted to a jury which returned a plaintiff's verdict of $2145.15. Defendant's motion for judgment notwithstanding the verdict and his motion in the alternative for new trial were overruled and he appeals.

Defendant presents three issues for review which involve one question, whether the speed of plaintiff's driver under all the conditions and circumstances shown constituted violation of the assured clear distance ahead rule and therefore established contributory negligence as a matter of law.

Section 321.285, The Code, 1973, in pertinent part provides:

"Speed restrictions. Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law."

The facts giving rise to the collision occurred February 11, 1969. James Popinga, employed as a truck driver for plaintiff corporation, picked up a load of cement in Mason City, Iowa, to be delivered to a company in Elmore, Minnesota. The load was placed on a flat bed trailer covered

Linnan & Lynch, Algona, for appellant.

Joseph J. Straub, Algona, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

MASON, Justice.

This is an action at law for property damage to a tractor truck unit owned by plaintiff, Ruan Transport Corporation, alleged to have been sustained as a result of

with a canvas rubberized tarp tied down on the sides and ends. Total weight of the tractor cab, trailer and cargo was approximately 72,500 pounds.

Although there was only light snow and blowing snow in Mason City, as Popinga headed west on highway 18 the weather became worse and the snow and blowing snow greatly reduced visibility. As a precaution he drove with his headlights on. At Garner Popinga stopped and called his employer to see if he should bring the truck back because of the poor visibility. He was told that other drivers were still running and to try and go ahead but that he should use his own judgment. As it seemed conditions had lessened somewhat Popinga decided to continue on.

From highway 18 he turned north on highway 69, then west on highway 9 and finally north again on highway 169. Popinga maintained a steady speed of about 30–35 miles per hour rather than the normal speed of 50–55 miles per hour because of the poor conditions. Visibility at times was as much as a quarter of a mile, but at other times only 10–20 feet. As he approached the scene of the accident, about 3 miles south of his destination, visibility was very bad. Popinga testified that just before the collision he could see only 10 feet ahead.

Highway 169 intersects with a black top road about 3 miles south of Elmore. Defendant, a seventy-year-old retired farmer, arrived at the intersection a few minutes before the accident. He stopped at the stop sign on the west side of the intersection and looked both north and south on highway 169 several times. Two cars with their headlights on passed through the intersection going north; Jacobs estimated their speed at about 20–25 miles per hour. Visibility at this time was very poor because the snow was blowing quite hard. It was so bad defendant hesitated at the intersection for about five minutes. During this time he finally opened his car door, stood up out of the car, and again looked

both ways on highway 169; apparently satisfied he got back in the car and made a left turn onto highway 169 heading north.

Although the evidence is conflicting, Popinga entered the intersection at almost the same time as Jacobs began to make his turn. He claims that the front end of Jacobs' car was in the northbound lane but the rear in the southbound lane and that it was still in the act of turning and had not yet straightened out. Jacobs contends that he had come around and travelled about 125 feet north at the time of impact.

Popinga testified visibility at this time was only about 10 feet and he saw nothing until he came into the intersection; his speed was still 30–35 miles per hour. Upon seeing the car he sounded his horn and swerved left into the southbound lane. He succeeded in missing the car with the truck cab but the front tandems of the trailer came in contact with the rear of the car. After swerving to the left Popinga hit a patch of ice and lost steering control; the front end went into the road curb and the trailer jackknifed.

Upon arrival at the scene highway patrolman Cogdall found the trailer broken away from the cab in the southbound lane facing north. The cab was in the southbound lane facing south at the north end of the intersection. Bags of cement were scattered about the highway. The car was facing north on the east shoulder of the highway, about 50–100 feet north of the intersection but it had been moved. Cogdall testified in his opinion the point of impact was at the north edge of the intersection.

Plaintiff's testimony showed that given its weight and speed it would take about 800 feet to stop the truck.

■ I. In this action our review is limited to consideration of errors properly assigned. Rule 334, Rules of Civil Procedure.

As indicated, defendant in answer had asserted negligence of plaintiff's driver as a defense to plaintiff's recovery.

■ Where defendant relies upon negligence of plaintiff as a complete defense or bar to plaintiff's recovery, defendant has the burden of pleading and proving the negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage. Kaus v. Scott, 174 N.W.2d 446, 448 (Iowa 1970).

In a separate division defendant alleged negligence of the plaintiff's driver in one or more of five specifications including an alleged violation of the assured clear distance rule contrary to section 321.285, The Code, was a proximate cause of the collision. In its statement of issues the court submitted three of the specifications alleged including the assured clear distance rule. Instructions 19 through 22 dealt with the submitted specifications.

Defendant excepted to the instructions as a whole on the ground there was no dispute of fact that should be submitted to a jury relative to the uncontradicted evidence bearing on the negligence of plaintiff's driver being a proximate cause of the accident. Thus, the case before us is not one where a party is claiming the evidence was insufficient to generate a jury question on a particular issue but rather one where the party raising the issue contends he had established it as a matter of law.

In Greenwell v. Meredith Corporation, 189 N.W.2d 901, 907 (Iowa 1971), we quoted with approval the following statement from Ives v. Swift & Co., 183 N.W.2d 172, 176 (Iowa 1971):

" 'Defendant in urging his claim that plaintiff was guilty of contributory negligence as a matter of law is confronted with the onerous burden of satisfying two often repeated rules: (1) Contributory negligence will be decided as a matter of law only in the exceptional case in which such negligence is so palpable, flagrant and manifest the reasonable minds may fairly reach no other conclusion. (citing cases). (2) It is seldom proper, in the absence of an admission, for the court to instruct the jury that a party with the burden of proof

has established his claim as a matter of law. (see citations).' "

■ Generally, questions of negligence, contributory negligence, and proximate cause are for the jury; it is only in exceptional cases that they may be decided as a matter of law. Rule 344(f), par. 10, R.C.P.

We first consider defendant's contention the evidence established as a matter of law plaintiff's driver was negligent under the conditions and circumstances shown in failing to drive plaintiff's truck at a reasonable and proper rate of speed not greater than would permit him to bring the vehicle to a stop within the assured clear distance ahead rule prescribed by section 321.285, The Code.

■ The words "assured clear distance ahead" as used in this statute signify that a driver of a motor vehicle shall at all times be able to stop his vehicle within the distance that discernible objects may be seen ahead. A driver's duty in this respect is not varied or diminished when the assured clear distance is shortened by blizzard conditions, darkness of night or presence of a fog or rain or other conditions of the weather.

■ The assured clear distance constantly changes as the motorist proceeds and is measured at any moment by the distance between the motorist's vehicle and the limit of his vision ahead, or by the distance between the motorist's vehicle and any intermediate discernible static or forward-moving object in the highway ahead constituting obstruction in the motorist's proper lane of travel. The operator's obligation may be heavier in one case than another due to circumstances existing at that time such as blowing snow, icy and snow-packed highways. See Coppola v. Jameson, 200 N.W.2d 877, 879–880 (Iowa 1972) and authorities cited.

■ In determining the rate of speed which would permit him to bring the vehicle to a stop within the assured clear dis-

tance ahead plaintiff's driver had the right to assume that others using the road would obey the law, including statutes, rules of the road, and the necessity of due care, at least until he knew or in the exercise of due care should have known otherwise. Rule 344(f), par. 9, R.C.P.

In Demers v. Currie, 258 Iowa 507, 510–512, 139 N.W.2d 464, 466–467, this court discussed the purpose of the words, "such driver having the right to assume, however, that all persons using said highway will observe the law," which were added to section 321.285 by the Regular Session of the Forty-sixth General Assembly, chapter 49, section 1. What was said there need not be repeated here.

■ Insofar as the issue of plaintiff's negligence is concerned it was a question of fact to be decided by the jury. As to this issue, this is not the exceptional case where the facts are so clear and undisputed, and the relation of cause and effect is so apparent to every candid mind, that but one conclusion may be fairly drawn therefrom. Hedges v. Conder, 166 N.W.2d 844, 854 (Iowa 1969).

The same is true as to the issue of proximate cause.

■ Plaintiff in seeking to sustain its verdict urges this court to hold the assured clear distance ahead rule does not apply in the situation where, as here, motor vehicles were approaching each other at right angles at an intersection, relying on Reich v. Miller, 260 Iowa 929, 933–937, 151 N.W.2d 605, 607–609. In the cited case this court held the statute inapplicable when a vehicle enter the path of the car with the directional right of way and the right to assume such would be accorded him at least until he knew or should have known otherwise.

We adhere to the principle of law stated in *Reich*. However, in view of the evidence in the record defendant had travelled 125 feet at the time of impact, we prefer to base our decision in this matter on the reasons heretofore set forth.

We have considered every contention urged by defendant in his three assignments and find none of them require reversal.

The case is therefore

Affirmed.