**IN THE COURT OF APPEALS OF IOWA**
No. 16-1284
Filed March 22, 2017

**PATRICIA PETERS and JACOB BREWSTER,**
**Individually and as Parents and Next Friends of V.B.,**
    Plaintiffs-Appellants,

**vs.**

**PATRICIA O'DONNELL,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Jackson County, Nancy S. Tabor, Judge.

Patricia Peters and Jacob Brewster appeal the district court's grant of summary judgment on their claims brought against Patricia O'Donnell. **AFFIRMED.**

Stephen W. Scott of Scott Law Firm, Dubuque, for appellant.

Amanda M. Richards of Betty, Neuman & McMahon, P.L.C., Davenport, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ. Tabor, J., takes no part.

**MULLINS, Presiding Judge.**

This case arises from an unfortunate incident where Patricia O'Donnell's car was involved in an accident with the plaintiffs' minor daughter, V.B., while V.B. was on her bicycle. The undisputed facts establish V.B. had been riding her bicycle in circles in a parking lot and twice rode her bike into the street. The second time she rode into the street, her bicycle collided with the side of O'Donnell's car. Peters and Brewster brought this action against O'Donnell, alleging O'Donnell had (i) failed to keep a proper lookout while operating her motor vehicle, (ii) failed to exercise the degree of caution commensurate with the danger presented by a young child operating a bicycle within O'Donnell's plain view, (iii) failed to maintain control of her vehicle, and (iv) failed to stop within an assured clear distance. The district court granted summary judgment on all claims, and Peters and Brewster have appealed. On appeal, they claim a genuine issue of material fact exists as to whether O'Donnell had been looking at a Ferris wheel at the side of the road at the time of the accident. *See Johnson v. Associated Milk Producers, Inc.*, 886 N.W.2d 384, 389 (Iowa 2016) (stating summary judgment is proper only where there is no genuine issue of material fact). Even assuming this allegation were true, *see id.* (noting a court must view the record in the light most favorable to the party not seeking summary judgment), it does not save their claims from summary judgment.

The undisputed facts establish O'Donnell was driving under the speed limit at the time of the accident because she was aware children were in the area due to the fair. Even if she had glanced at the Ferris wheel—and assuming such an action could constitute a breach of a duty—Peters and Brewster have put

forth no evidence this caused the accident; that is, Peters and Brewster have identified no issue of fact that, had O'Donnell not glanced at the Ferris wheel, she could have prevented V.B. from running into the side of her vehicle. Accordingly, we affirm the district court's grant of summary judgment on the claims O'Donnell failed to keep a proper lookout and failed to exercise the requisite degree of caution. *See, e.g.*, *Christensen v. Kelley*, 135 N.W.2d 510, 512 (Iowa 1965) (identifying a driver's failure to keep a proper lookout as a claim of negligence requiring a breach of a duty and said breach to be the proximate cause of the injuries). As found by the district court, Peters and Brewster have identified no genuine issue of material fact regarding their claim O'Donnell failed to maintain control of her vehicle. Finally, to maintain a claim O'Donnell failed to stop her car within an assured clear distance, V.B. needed to be *ahead* of O'Donnell's car. *See generally Ruan Transp. Corp. v. Jacobs*, 216 N.W.2d 182, 185-86 (Iowa 1974); *Coppola v. Jameson*, 200 N.W.2d 877, 879 (Iowa 1972). V.B. was not riding down the road in O'Donnell's lane of traffic but rather was riding in circles alongside the road until she collided with the side of O'Donnell's car.

Peters and Brewster also repeatedly claim V.B.'s prior entry into the street would have been seen by O'Donnell had O'Donnell been paying the requisite attention to her surroundings. But the only evidence Peters and Brewster rely upon in support of this conclusion is an affidavit the court struck from the record; Peters and Brewster did not appeal that ruling.[1]

---

[1] While the plaintiffs did address the affidavit in their reply brief, we do not consider arguments asserted for the first time in a reply brief. *See State v. Olsen*, 794 N.W.2d 285, 287 n.1 (Iowa 2011).

Accordingly, we affirm the ruling of the district court without further opinion. *See* Iowa Ct. R. 21.26(e).

**AFFIRMED.**