**Esther M. TONEY, Appellant,**

v.

**CASEY'S GENERAL STORES, INC., Appellee.**

**No. 84–734.**

Supreme Court of Iowa.

July 31, 1985.

Donald G. Juhl, Nevada, for appellant.

Ronald W. Kuntz, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

At the close of evidence in this action for tortious interference with a right under an employment contract the trial court granted defendant's motion for directed verdict. On plaintiff's appeal we reverse the ruling and remand the case for a new trial.

Two matters bring considerable confusion into what otherwise would be a straightforward tort question. First, plaintiff's claim regarding the term of the contract (employment for life) proved to be so extravagant (she really asserts a mere employment at will) that defendant seriously contends there was no trial record support for her position on appeal. Second, the parties vigorously dispute the basis of the challenged ruling.

Frohwein Stores, Inc. owned and operated a convenience grocery store in Colo, Iowa, under a written franchise agreement with defendant Casey's General Stores, Inc. Pursuant to this agreement Frohwein did business in Colo as "Casey's." Plaintiff Esther M. Toney was hired under an oral contract by Frohwein to manage the store, beginning in April 1976.

Plaintiff enjoyed a cordial and productive working relationship with Frohwein. The store operated smoothly until February 1980 when defendant Casey's decided, apparently for economic reasons, that all employees of its franchises in Iowa should sign a uniform contract of employment. The uniform contract was less advantageous to plaintiff than the oral one under which she had performed.

According to Larry Frohwein's affidavit he was approached in February 1980 by two agents of Casey's:

> They advised me that Frohwein Stores should put all of its managers on the [uniform statewide contract].... [They] stated that if any of the managers would not sign the new contract we should fire them.

Plaintiff refused to sign the uniform contract and was fired by Frohwein. This suit resulted.

The petition was in two divisions. The first sought damages from Frohwein for "breach of a lifetime employment contract." Frohwein responded by filing a motion for summary judgment which the trial court sustained because it was plain there was no lifetime employment contract, only an employment contract at will. That ruling is not involved in this appeal.

The second division of the petition, which also alleged a lifetime contract, comprised plaintiff's claim against Casey's General Stores. In it plaintiff alleged:

> On March 5, 1980, defendant Casey's General Stores, Inc., purposely, intentionally, and maliciously interfered with the

contractual relationship which existed between plaintiff and defendant Frohwein Stores Inc., by insisting that plaintiff be fired from her employment if she did not agree to a change in the original contract of hire ....

Plaintiff's claim against Casey's proceeded to trial before a jury.

Trial court rulings on various defense motions of Casey's show that the trial court considered the employment contract to be at will and not for life. At the close of all evidence Casey's motion for a directed verdict was sustained. Although the parties dispute the rationale of the ruling we think it rested on the fact that the employment was at will. Casey's contends there was a different rationale, pointing to a contrary earlier ruling which also found the employment to be at will. Apparently, however, the trial court was persuaded to change its view and concluded there could be no damages to one who loses a contractual arrangement which could be terminated by either party at any time.

I. Casey's contends plaintiff's assertions on appeal should be ignored for want of a trial court record. Casey's argues we should do so because of plaintiff's allegation of a lifetime employment contract. On appeal plaintiff of course makes no such claim but proceeds on the basis of a contract at will. We see no harm in the variance because Casey's was not misled by it. The rule is that:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. ....

R.Civ.P. 106.

It is unimportant that plaintiff alleged a lifetime employment contract but established only an employment contract at will. Casey's contention to the contrary is without merit.

II. We recognized the tort of interference with contractual relations in *Farmers Coop. Elevator v. State Bank*, 236 N.W.2d 674, 679–82 (1975). In doing so we placed great reliance on Restatement (Second) of Torts, § 766A and also on W. Prosser, *Law of Torts* § 130 (4th ed. 1971). In *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398 (Iowa 1982) we listed the elements of the business tort of interference with contractual relations:

> An existing valid contractual relationship or business expectancy, knowledge of this by the interferer, intentional interference inducing or causing a breach or termination of the relationship or expectancy, and resulting damage.

*Id.* at 402–03. The only question remaining is whether recovery should be barred where the injured contractual relationship is at will. We see no reason for barring recovery on such a basis.

Our holding in *Farmers Coop.* had its genesis in *Clarke v. Figge*, 181 N.W.2d 211, 214 (Iowa 1970) which recognized the similar tort of interference with a prospective economic advantage. In *Clark*, 181 N.W.2d 213, we explained that, for the business interference tort, proof of an existing contract was not required; proof of a prospective relationship would suffice. The Restatement, also a basis for our recognition of the tort in *Farmers Coop.*, takes a similar view. Section 766B(b) (recovery allowed when interference consists of "preventing the other from acquiring or continuing the prospective relation.") *See also Prosser and Keeton on Torts*, § 129 at 995–96 (5th ed. 1984).

We conclude that the trial court was in error in directing the verdict against plaintiff. On the record before us she was entitled to have the jury consider her claim of damages.

REVERSED AND REMANDED.