**George NOONER, Appellant,**

v.

**The PILLSBURY COMPANY, Appellee,**

v.

**Mark FITZSIMMONS, David Schroeder and Wayne Rieschel, Appellees.**

No. 87–1337.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1987.

Decided Feb. 22, 1988.

---

Gary W. Lynch, Bolivar, Mo., for appellant.

Steve Garner, Springfield, Mo., for appellee.

Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM,* District Judge.

* The Honorable C. Arlen Beam, Chief United States District Judge for the District of Nebraska, sitting by special designation. On November 9, 1987, Judge Beam was confirmed as a United States Circuit Judge for the Eighth Circuit.

McMILLIAN, Circuit Judge.

George Nooner appeals from a final order entered in the United States District Court[1] for the Western District of Missouri granting summary judgment in favor of Pillsbury Co. (Pillsbury). For reversal, Nooner argues the district court erred in granting summary judgment in Pillsbury's favor because as a matter of law Pillsbury committed the torts of false imprisonment and malicious prosecution. For the reasons discussed below, we affirm the judgment of the district court.

The facts are undisputed. In December 1983 Pillsbury, through its general counsel, retained Missouri attorney Mark Fitzsimmons to collect an overdue debt owed by V & G Farms and Nooner. In October 1984 Fitzsimmons obtained a default judgment in the state court against Nooner individually in the amount of $5,008.50. A writ of execution was issued and served on Nooner on August 8, 1985. The deputy sheriff, however, returned the writ unsatisfied because he "failed to find anything to levy on."

On August 21, 1985, in a further attempt to collect on the debt owed Pillsbury, Fitzsimmons's partner David Schroeder next prepared a citation to judgment debtor for an examination of Nooner. Schroeder mailed the original and one copy of a motion for examination of judgment debtor and a proposed citation to judgment debtor to the clerk of the court. The proposed citation to judgment debtor provided that the debtor, Nooner, was to appear before the court but, as prepared, the citation failed to state the date and time Nooner was to appear before the court. This omission of the date and time is critical because later the wrong information was mistakenly inserted on the copy that Nooner ultimately received.[2] The date *October* 17, 1985, was typed on the official notice kept in the court file while the date *August* 17,

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

2. It is presumed a state court deputy clerk typed in the missing information.

1985, was incorrectly typed on the service copy. A photocopy of the file copy of the official citation file was sent by the circuit clerk to Schroeder to notify him of the forthcoming scheduled date.

Consequently, on August 29, 1985, Nooner received the service copy of the citation which directed him to appear on August 17, 1985, for the debtor's examination. Upon receipt of the notice, Nooner discovered a mistake had been made because the date to appear had already passed. He then contacted his attorney, who, along with Nooner, did not take further action.

Schroeder next retained attorney Wayne Rieschel to conduct the debtor's examination on October 17, 1985. Rieschel appeared as scheduled on October 17, 1985. Nooner, however, did not appear. Rieschel checked the court file and confirmed Nooner had in fact been served with notice. Rieschel then obtained a writ of body attachment from the state court to secure compliance with the notice. Pursuant to the writ of body attachment, Nooner was arrested, and spent the night of October 24, 1985, in jail. Nooner was released on bond on October 25, 1985.

On November 21, 1985, a hearing was held pursuant to Nooner's motion to quash the writ of body attachment based upon the discrepancy between the service date on the notice he had received and the date on the other copies. The state court granted the motion to quash. Thereafter, Nooner filed a complaint in federal district court charging Pillsbury with false imprisonment, malicious prosecution, and a violation of 42 U.S.C. § 1983, seeking actual and punitive damages. On February 10, 1986, Pillsbury filed its motion to dismiss the § 1983 count. This was granted by the district court March 5, 1986 (this ruling is not at issue on this appeal). On July 31, 1986, Pillsbury filed a third-party complaint against Fitzsimmons, Schroeder, and Rieschel. On February 18, 1987, all parties filed motions for summary judgment. The district court denied Nooner's motion for summary judgment, granted summary judgment to Pillsbury on both counts, and dismissed Pillsbury's third-party complaint against Fitzsimmons, Schroeder, and Rieschel as moot. (No. 86–3081–CV–S–4). This appeal followed.

Because this case comes to this Court on appeal from the district court's grant of a motion for summary judgment, this court must view the facts in the light most favorable to Nooner as the non-moving party and give him the benefit of all reasonable inferences to be drawn therefrom. *E.g., Holloway v. Lockhart,* 813 F.2d 874, 878 (8th Cir.1987). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, because this is a diversity action, Missouri substantive law applies. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Nooner first argues Pillsbury is liable for false imprisonment as a matter of law because he was unlawfully arrested pursuant to the writ of body attachment obtained by Pillsbury. Nooner also argues the state court lacked jurisdiction to issue the writ because the service copy of the citation to judgment debtor did not command him to appear on October 17, 1985. Moreover, Nooner asserts even if he had received the notice, the state court failed to show that he had been served with notice because the sheriff's return was defective. Nooner argues the return was defective because the notice failed to show what was served and in what manner it was served. *Industrial Personnel Corp. v. Corcoran,* 643 S.W.2d 816 (Mo.Ct.App.1981); *see also* Mo.S.Ct.R. 54.13 (provides how notice by personal service is taken). We disagree as to Nooner's false imprisonment contention.

Under Missouri law, false imprisonment is the "confinement, without legal justification, by the wrongdoer of the person wronged." *Thomas v. M–R–A,* 713 S.W.2d 570, 574 (Mo.Ct.App.1986), *citing Rustici v. Weidemeyer,* 673 S.W.2d 762, 763 (Mo. banc 1984). In this action the facts establish that Nooner was arrested pursuant to a legal writ validly issued upon

the court's record. Specifically, the mistake made on Nooner's notice leading to his imprisonment cannot be attributed to Pillsbury. Although it is not known who filled in the incorrect date on Nooner's copy of the citation, it is undisputed that Pillsbury did not make the error because Schroeder mailed the citation, absent the date, to the clerk of court. Nooner also argues the state court lacked jurisdiction to issue the writ because the service copy did not order him to appear on October 17, 1985. We do not agree. Mo.Rev.Stat. § 513.380 (1979) provides a state court with statutory authority in issuing a writ of body attachment when a debtor fails to appear pursuant to an order. The above demonstrates the state court properly issued the writ based on the state court's record and pursuant to statutory authority. Mo.Rev.Stat. § 513.380 (1979). Moreover, the facts establish that Nooner was arrested pursuant to a legal writ validly issued on the clerk's record.

■ Nooner also argues he can maintain an action against Pillsbury for false imprisonment because of the defects in the sheriff's return. We do not agree. The sheriff's return specifically stated the manner in which service was made—"served to: George Nooner at his residence." Further, it is also clear what was served because the standard return was typed on the back of the citation to judgment debtor. Under Missouri law, there is no requirement that the return contain the exact language of the statute. *Ballard v. Ryan,* 646 S.W.2d 398, 400 (Mo.Ct.App.1983). Additionally, the state court's jurisdiction is invoked by the return of service, not by evidence of actual knowledge which is later discovered. *Industrial Personnel Corp. v. Corcoran,* 643 S.W.2d at 819.

■ Nooner next contends the district court erred in granting summary judgment on his malicious prosecution claim. Under Missouri law the elements of malicious prosecution are (1) the commencement or prosecution of proceedings against the plaintiff, (2) instigation of proceedings by the defendant, (3) the proceedings terminated in favor of the plaintiff, (4) the absence of probable cause, (5) malice, and (6) damage to the plaintiff. *Sanders v. Daniel International Corp.,* 682 S.W.2d 803, 807 (Mo.1984); *Stafford v. Muster,* 582 S.W.2d 670, 675 (Mo. banc 1979). The district court held that while Nooner established the first three elements, he failed to prove the absence of probable cause or malice. The district court held that, as a matter of law, probable cause existed for Rieschel to seek a writ of body attachment and that there was no malice.

We hold that in the present case the material and undisputed facts establish as a matter of law that probable cause existed for the issuance of the writ of body attachment. Under Missouri law probable cause

> for initiating a civil action consists of a belief in the facts alleged, based on sufficient circumstances to reasonably induce such belief by a person of ordinary prudence in the same situation, plus a reasonable belief by such person that under such facts the claim may be valid under the applicable law.

*Haswell v. Liberty Mutual Insurance Co.,* 557 S.W.2d 628, 633 (Mo. banc 1977).

At the time Rieschel sought the writ of body attachment, the state court file and the attorneys' files indicated that Nooner had been served with notice to appear for a debtor's examination on October 17, 1985. When Nooner failed to appear on October 17, 1985, Rieschel checked the state court record and confirmed that Nooner had been served with notice to be present on October 17, 1985. These actions establish probable cause and the absence of malice.

Accordingly, the judgment of the district court is affirmed.