Mary L. SPRINGER, Appellee,

v.

WEEKS & LEO COMPANY, INC., Appellant.

No. 90–222.

Supreme Court of Iowa.

Sept. 18, 1991.

Gary S. Gill and Lori A. Liljedahl, Des Moines, for appellant.

Thomas M. Werner, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

In *Springer v. Weeks & Leo Co., Inc.,* 429 N.W.2d 558 (Iowa 1988), we reversed a judgment for Weeks & Leo Co., Inc., and remanded the case to the district court for retrial. On November 22, 1989, the jury awarded damages of $14,108.90 for past lost wages and $5000 for emotional distress. The district court entered judgment upon the verdict for Mary L. Springer. The court denied Weeks' motions for judgment notwithstanding the verdict and for new trial and also denied Springer's motion for new trial. Both parties appealed. We affirm.

In this appeal, Weeks raises twenty-five issues for review in eight separate divisions of its appellate brief. The issues raised include a challenge that the court did not try the issue preserved for retrial in our prior opinion, that exhibits and evidence were erroneously admitted or excluded, and that the submission and allowance for lost wages were erroneous. Springer raises the failure to submit her claim for punitive damages as the sole issue in her cross-appeal.

In considering the propriety of a motion for directed verdict or a motion for judgment notwithstanding the verdict, we, like the trial court, must view the evidence in the light most favorable to the party against whom the motion is made regardless of whether it is contradicted and every legitimate inference that may be fairly and reasonably deducted therefrom must be carried to the aid of the evidence. If there is substantial evidence in support of each element of plaintiff's claim, the motion should be denied. Conversely, if there is no substantial evidence, a directed verdict or judgment notwithstanding the verdict in the defendant's favor is appropriate. *Smith v. Smithway Motor Xpress, Inc.,* 464 N.W.2d 682, 684 (Iowa 1990); Iowa R.App.P. 14(f)(2). When considering a motion for new trial under Iowa Rule of Civil Procedure 244(h), the trial court has broad, but not unlimited, discretion in determining whether the verdict has effectuated substantial justice between the parties, and this court is slower to interfere with the grant of a new trial than with its denial. Iowa R.App.P. 14(f)(3), (4). Our review is for the correction of errors at law. Iowa R.App.P. 4.

## I. *Cause of Action Upon Retrial.*

In *Springer,* we recognized other courts had granted judicial remedies for the discharge of at-will employees for reasons deemed to be contrary to public policy. 429 N.W.2d at 560. We found Iowa Code section 85.18 was a clear expression that the public policy of this state is that an employee's right to seek the compensation which is granted for work-related injuries should not be interfered with regardless of the terms of the contract of hire. *Id.* We concluded "a cause of action should exist for a tortious interference with the contract of hire when the discharge serves to frustrate a well-recognized and defined public policy of the state."

Our labeling of the cause of action as a "tortious interference with a contract of hire" suggested that the remedy was like that provided under sections 766 and 766A of the Restatement (Second) of Torts (1979). Weeks argues the identification of Springer's cause of action as a tortious interference claim became the law of the case. Therefore, Weeks contends the district court should have required proof of the elements of the tortious interference claim and should have instructed the jury upon those elements. *See Toney v. Casey's Gen. Stores, Inc.,* 372 N.W.2d 220, 222 (Iowa 1985) (elements of the business tort of interference with contractual relations included an existing valid contractual relationship and intentional interference causing termination of the relationship).

■ Generally, an appellate court decision becomes the law of the case and is controlling on the trial court and on any further appeals in the same case. *Lawson v. Fordyce,* 237 Iowa 28, 32, 21 N.W.2d 69, 73 (1945). *See also* R. Martineau, *Modern Appellate Practice* § 17.2, at 262 (1983). However, the law of the case doctrine may not apply when, by legislative enactment, the law has been changed, *Reich v. Miller,* 260 Iowa 929, 938, 151 N.W.2d 605, 610 (1967), or where the controlling law has been clarified by judicial decisions following remand. *See, e.g., England v. Hosp. of Good Samaritan,* 14 Cal.2d 791, 97 P.2d 813 (1939) (Where the controlling rules of law have been altered or clarified in the interval between the first and second appeal and adherence to the law of the case would result in defeating a just cause, the appellate court should not hesitate to reconsider its prior determination.).

■ Our opinion was vague in identifying the elements of Springer's cause of action. We labeled Springer's claim as a wrongful discharge action. *Springer,* 429 N.W.2d at 558. Springer had alleged in her petition that her discharge was in violation of public policy and was in retaliation for her making claim for, and receiving, workers' compensation benefits for her work injury. We concluded Springer's evidence was sufficient to generate a jury issue as to whether her discharge was due to the filing of a workers' compensation claim. *Id.* at 560, 562.

We have repeatedly referred to Springer's cause of action as a claim for retaliatory or wrongful discharge. We list these cases in chronological order to show the development and refinement of the tort. *See Davenport v. City of Des Moines,* 430 N.W.2d 405, 407 (Iowa 1988); *Conaway v. Webster City Prod. Co.,* 431 N.W.2d 795, 796 (Iowa 1988); *Hamilton v. First Baptist Elderly Hous. Found.,* 436 N.W.2d 336, 341 (Iowa 1989); *Niblo v. Parr Mfg. Inc.,* 445 N.W.2d 351, 352, 355 (Iowa 1989); *Fogel v. Trustees of Iowa College,* 446 N.W.2d 451, 454–55 (Iowa 1989); *Vaughn v. AG Processing, Inc.,* 459 N.W.2d 627, 637–38 (Iowa 1990); *Engstrom v. State,* 461 N.W.2d 309, 314 (Iowa 1990); *Smith,* 464 N.W.2d at 685–86.

The trial court in its statement of the case instructed the jury:

[I]n this case the plaintiff, Mary Springer, claims she was wrongfully discharged from her employment with the defendant, Weeks & Leo Co., Inc., because she filed a workers' compensation claim.

Defendant, Weeks & Leo Co., Inc., denies she was wrongfully discharged, but claims she was discharged because she misrepresented and lied about her workers' compensation claim.

The court submitted the following marshaling instruction:

Plaintiff must prove all of the following propositions:

1. Plaintiff was an employee of defendant.

2. Defendant discharged plaintiff from employment.

3. Defendant discharged plaintiff because she filed a workers' compensation claim.

4. The discharge was a proximate cause of damage to the plaintiff.

5. The nature and extent of the damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proven all of these propositions, then the plaintiff is entitled to damages.

This instruction was patterned after Iowa Civil Jury Instruction 3100.1, Tortious Discharge Against Public Policy—Essentials For Recovery. We approve the instructions submitted by the district court. The instructions were not contrary to the law of the case.

A growing number of courts and legislatures have recognized a public policy exception to an employer's right to discharge an at-will employee for asserting statutory workers' compensation rights. *See* Annotation, *Recovery for Discharge from Employment in Retaliation for Filing Workers' Compensation Claim*, 32 A.L.R. 4th 1221 (1984); Note, *Employment at Will in Iowa: Is it the Rule or the Exception?*, 39 Drake L.Rev. 157, 160 (1989–90).

Weeks' argument that the court erred in denying its motion for a directed verdict based upon a lack of evidence to show a contract for hire or a tortious interference with the contract must be again rejected. Springer presented essentially the same evidence at retrial. Although our reference to a "tortious interference with a contract for hire" may have been misleading, we held in *Springer* that the plaintiff had offered sufficient evidence to generate a jury issue upon her claim. 429 N.W.2d at 560. This clearly precludes the necessity of additional evidence in support of the claim upon retrial. The court did not err in overruling Weeks' motion for judgment notwithstanding the verdict and for new trial based upon lack of evidence upon the essential elements of the claim.

Although the district court permitted Springer to amend her petition to include an allegation of tortious interference, as suggested by our opinion, her cause of action remained a retaliatory or wrongful discharge claim. Although amendment of her petition was unnecessary, it was not error to permit the amendment. Because our reference to a "tortious interference with the employee's contract for hire" may have confused the issue, we will in the future refer to this type of claim as retaliatory or wrongful discharge claim.

## II. *Evidentiary Rulings.*

Weeks challenges the court's admission of exhibits and testimony relating to the exhibits offered by Springer and the exclusion of certain exhibits offered by Weeks.

■ A. *Dr. Haines' Letters.* Two letters of Dr. Haines written after Springer was discharged were excluded by the court at the first trial but admitted in the second trial. In *Springer*, we suggested the determination of relevancy must await the development of the parties' respective positions at trial. 429 N.W.2d at 563. The determination of relevancy evidence rests within the sound discretion of the court. We reverse only upon a showing that such discretion has been abused. *Tratchel v. Essex Group, Inc.*, 452 N.W.2d 171, 178 (Iowa 1990). Weeks pleaded in its answer that Springer's misrepresentations as to the cause of her bilateral carpal tunnel syndrome brought about her discharge. Testimony was offered to support this allegation, and the jury was instructed upon this defense. The letters of Dr. Haines were relevant upon this issue. They were a part of the diagnosis made of her physical condition and reflected upon her credibility.

■ B. *Attorney's Letters.* Also discussed in *Springer* was the admissibility of a letter written by Weeks' attorney six

days after Springer's termination. *Springer*, 429 N.W.2d at 563. The letter was in response to Springer's attorney's letter asking for the reason she was not allowed to return to work. We suggested correspondence after the happening of an event may illuminate as to the motives which prompted the event. On retrial the court admitted the attorney's letter.

Weeks argues that the letter was not admissible because it was an offer of compromise excluded under Iowa Rule of Evidence 408. Rule 408 excludes evidence of compromise or offers to compromise if the evidence being offered is used to prove liability for or invalidity of the claim. *Tratchel*, 452 N.W.2d at 179. Such evidence may be admissible when offered to prove a fact other than liability. *Id.* It may also be admissible if the intent of the settling party is to admit responsibility rather than to offer a compromise. *Id.* At the time the letter was written, in July of 1984, there was no litigation or controversy between the parties. The letter was relevant to show the reason for termination and was not an offer to compromise the wrongful termination tort claim.

■ C. *Workers' Compensation Petition.* The workers' compensation petition filed by Springer was admitted over the objection that it was irrelevant and self-serving. Obviously, Springer's retaliatory discharge claim required proof that she was discharged because she made the workers' compensation claim. The exhibit was relevant. It also was cumulative to her testimony and thus was not prejudicial.

■ D. *Workers' Compensation Settlement.* The agreement for settlement of the workers' compensation claim whereby Springer received workers' compensation payments was received over the objection that it was irrelevant and prohibited by Iowa Rule of Evidence 408. The settlement was agreed upon before the wrongful termination claim was made by Springer. It was relevant to the misrepresentation issue raised by Weeks. The court did not err in allowing the agreement for settlement that had been signed by all parties

and approved by the industrial commissioner.

■ E. *Workers' Compensation Reports.* The reports as to the workers' compensation claim and amounts paid and Weeks' report to the commission and its letter to Job Service were challenged on the grounds of relevancy. The exhibits were relevant to the issue of the employer's motive and intent in discharging Springer. They provided background to the testimony of Springer and others relating to the claim and its payment and her discharge.

■ F. *Medical Journal Articles.* Weeks offered two articles from medical journals prepared by physicians on the subject of carpal tunnel syndrome. At the time of the offer, Weeks urged that they were admissible under the provisions of Iowa Rule of Evidence 902(6). The court denied their admission.

Rule 902(6) removes the authentication requirement. However, this does not make relevant or admissible the exhibits when faced with objections that there was a lack of foundation, that they were hearsay and thus not independently admissible to prove the truth contained in the articles. The issue of authentication or identification is separate from the hearsay objection and other objections to admissibility. The court had ample reason to exclude the offer made by Weeks. They are barred by the rule against hearsay.

III. *Past Lost Wages.*

■ This is a retaliatory or wrongful discharge case. Recovery of lost wages is permitted because such an action is an exception to the at-will employment doctrine. Although we did not address the damages issue in *Springer*, we later recognized a wrongfully discharged employee was entitled to a remedy for his or her complete injury. *Niblo*, 445 N.W.2d at 355. We approved a recovery of damages caused by mental distress in addition to lost earnings. *Id.* Later, in *Smith*, 464 N.W.2d at 687–88, we held it was error for the district court not to submit the issue of loss of future earnings. Thus, it is clear from the law

developed since *Springer* that lost wages are recoverable and are properly considered part of an employee's damages in a wrongful or retaliatory discharge claim.

## IV. *Punitive Damages.*

■ The district court refused to allow the issue of punitive damages to be submitted to the jury. Springer cross-appeals from this ruling.

In *Smith*, 464 N.W.2d at 686–87, we disallowed an award of punitive damages. We observed that prior to *Springer* there was in Iowa no recognized cause of action for retaliatory discharge arising from a claim for workers' compensation benefits. We stated that we will not punish an actor for conduct that the actor cannot know to be wrong. Since Weeks' actions took place prior to our recognizing the tort of retaliatory or wrongful discharge, the trial court correctly refused to allow the punitive damage claim to be submitted to the jury.

We have considered all of the issues raised in both the appeal and cross-appeal and find no reversible error. Costs of appeal are taxed seventy-five percent against Weeks and twenty-five percent against Springer.

AFFIRMED.