Richard NIELSEN, Plaintiff,

v.

CRANE CO. INC., Defendant.

Civ. No. 3–91–CV–10053.

United States District Court,
S.D. Iowa,
Davenport Division.

Oct. 20, 1992.

Craig Arbuckle, Washington IA, for plaintiff.

Marty Denis, Chicago IL, for defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff Richard Nielsen brought this action for damages stemming from Defendant Crane Co.'s ("Crane") alleged wrongful termination of Plaintiff. Defendant has moved for summary judgment, and Plaintiff has resisted the motion. Oral argument was heard by the court October 15, 1992.

### I. BACKGROUND

Plaintiff Richard Nielsen worked as a purchasing manager for Defendant Crane Company between May 2, 1988, and February 20, 1991. His offer of employment listed no specified term of employment, nor was he provided with an employee manual.

On July 28, 1989, Deborah Swartzendruber, an employee of Crane who was supervised by Plaintiff, filed a sex discrimination ("equal pay") complaint with the Iowa Civil Rights Commission. Swartzendruber later filed an additional complaint alleging retaliation on the part of Plaintiff and Defendant. Plaintiff argues that Swartzendruber's complaints, as well as Defendant's inability to dispose of them, caused Plaintiff to suffer emotional harm. According to Plaintiff, the situation with Swartzendruber also led to his eventual termination.

In January, 1991, Defendant sent Plaintiff a proposed list of conditions upon which Plaintiff would agree to leave Crane. Plaintiff did not accept Defendant's conditions, sending a counterproposal to Crane on January 29, 1991. The parties did not reach an agreement concerning these conditions.

Plaintiff was terminated February 20, 1991, and provided with 2 weeks pay in lieu of notice, 2 and $^{10}/_{12}$ weeks severance pay, and one day of accrued but unused vacation. Crane states Nielsen was "laid off," in Crane's efforts to consolidate job responsibilities.

Plaintiff filed this action in state court seeking damages for wrongful discharge, wrongful denial of benefits, including severance, continuing medical benefits, worker's compensation benefits, and pension benefits, tortious interference with an employment contract, and intentional infliction of emotional distress. Defendant removed the case to this court based on diversity jurisdiction, and has moved for summary judgment on all counts.

### II. APPLICABLE LAW

Summary judgment is properly granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must view the facts in the light most favorable to Plaintiff, the non-moving party. *See e.g. Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir.1987). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). Further, because this is a diversity action, Iowa substantive law applies. *See Nooner v. Pillsbury Co.*, 840 F.2d 560, 562 (8th Cir.1988) (*citing Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

#### A. Wrongful discharge

 Plaintiff's first claim is that he was wrongfully discharged by Defendant. During oral argument, counsel for Plaintiff admitted there is no dispute that Plaintiff was hired under an "at-will" employment contract. In general, an at-will employee can be terminated without cause at anytime. *Niblo v. Parr Mfg. Inc.*, 445 N.W.2d 351, 352 (Iowa 1989); *Abrisz v. Pulley Freight Lines, Inc.*, 270 N.W.2d 454, 455 (Iowa 1978).

 Iowa law recognizes an exception to this rule where the reason for discharge is contrary to well-recognized public policy. *Springer v. Weeks and Leo Co., Inc.*, 429 N.W.2d 558, 560 (Iowa 1988) (discharge of employee for filing worker's compensation claim deemed violation of public policy); *see also Wilcox v. Hy–Vee Food Stores, Inc.*, 458 N.W.2d 870, 872 (Iowa Ct.App.

1990) (termination of employee for refusing to take polygraph examination, in violation of statute prohibiting employers from requiring such examination, held to violate public policy).

Plaintiff does not explicitly allege a violation of public policy in either his complaint or his resistance to Defendant's motion for summary judgment. During oral argument, however, counsel for Crane stated Plaintiff answered Crane's interrogatory on the issue as follows:

The state policy is to protect an employee from being subject to termination in retaliation for the filing of civil rights claims; (2) or in an effort to appease claimants who file civil rights complaints; (3) or in an effort to reduce further liability for benefits which have been provided, such as medical and legal services.

The law clearly protects an employee who *files* certain types of actions which may be adverse to a corporation. *See e.g. Springer v. Weeks,* 429 N.W.2d at 560. However, the court can find no law or public policy forbidding the termination of employees who are *named* as partially responsible in a discrimination suit. As discussed below, Plaintiff's third allegation of a decrease in benefits is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Thus, the public policy exception to the at-will doctrine is not applicable.

■ In addition, an employee who would otherwise be deemed, "at-will," may have a cause of action when the employee is given, and relies upon, an employer's handbook or manual, and the terms of the handbook or manual are subsequently breached. *Fogel v. Iowa College,* 446 N.W.2d 451 (Iowa 1989). However, Nielsen admitted in his deposition that he neither received nor was aware of such a manual for Crane. *See* Nielsen Deposition, at 32–33.

■ Furthermore, Iowa courts have held that an enforceable contract for lifetime employment may be found when the employee has provided independent consideration, such as giving up tenured employment. *Moody v. Bogue,* 310 N.W.2d 655, 658 (Iowa Ct.App.1981); *see also Collins v.*

*Parsons College,* 203 N.W.2d 594, 598 (Iowa 1973). In the present case, however, Plaintiff was unemployed when he accepted Defendant's offer, and had no other offers pending. Absent any other type of independent consideration, the court finds a contract for permanent employment did not exist.

The court therefore grants summary judgment with respect to Plaintiff's claim for wrongful termination.

### B. Denial of Severance, Medical Benefits, Pension and Retirement Allowances, and Related Benefits

■ Plaintiff also claims he was wrongfully denied "severance, continuing health care protection ... pension and retirement allowances and other related benefits," (Division III, ¶ 2), thus amounting to a breach of contract. The court recognizes ERISA's broad pre-emptive scope, and finds that the claims outlined above are of the types pre-empted under § 1144. *See e.g. Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (causes of action stemming from termination allegedly caused to avoid payment of pension benefits pre-empted by ERISA); *Scott v. Gulf Oil Corp.,* 754 F.2d 1499 (9th Cir.1985) (employer's promise to provide severance pay constituted "welfare benefit plan under ERISA.")

Counsel for Plaintiff claimed during oral argument that Crane's agreement to pay for Plaintiff's psychiatric services was above and beyond the benefits plan normally offered to employees by Crane, and thus, is not governed by ERISA. However, at least one circuit court has held that the fact a plan covers only one employee does not effect its status in relation to ERISA if it is the type of benefit for which ERISA normally applies. *Williams v. Wright,* 927 F.2d 1540, 1545 (11th Cir.1991). There can be no dispute that a plan to pay for an employee's health care is of the type covered by ERISA. *See* 29 U.S.C. § 1002(1)(A) (definition of "employee welfare benefit

plan" includes payment of medical care). Thus, due to ERISA pre-emption, summary judgment is appropriate on the claims alleged in Division III, paragraph 2.

### C. Denial of Worker's Compensation Coverage

■ In Division II, paragraph 2, Plaintiff claims he applied for and was wrongfully denied worker's compensation benefits. Under Iowa law, an employee's sole remedy against his or her employer for damages stemming from a work related injury is that provided by the Worker's Compensation Act, Iowa Code 85.1 *et seq. Iowa Code Ann.* § 85.20 (West 1985); *Steffens v. Proehl*, 171 N.W.2d 297 (Iowa 1969) (No common law cause of action against employer allowed in lieu of Workmens' Compensation Act.) Neither the state or federal courts have original jurisdiction concerning these cases; original jurisdiction rests exclusively with the Iowa Industrial Commission. *Jansen v. Harmon*, 164 N.W.2d 323 (Iowa 1969).

In the present case, there is no evidence Plaintiff has exhausted his administrative remedies with respect to this claim. Moreover, once he has done so, an appeal of a denial of worker's compensation benefits is appropriately taken to the state, not the federal, district court. *Iowa Code Ann.* § 86.26 (West Supp.1985). Summary judgment with respect to Plaintiff's claim for worker's compensation benefits therefore is granted.

### D. Tortious (Intentional) Interference With Plaintiff's Employment Contract

■ Plaintiff also alleges a cause of action for tortious, or intentional interference with a contract (Division II, ¶ 2). Iowa courts have held that:

> one who intentionally and improperly interferes with the performance of a contract between another and a *third* person by inducing or otherwise causing the third person not to perform the contract, is subjected to liability to the other for pecuniary loss resulting from the failure

of the third person to perform the contract.

*Irons v. Community State Bank*, 461 N.W.2d 849, 857 (Iowa Ct.App.1990) (*citing Reihmann v. Foerstner*, 375 N.W.2d 677, 683 (Iowa 1985)) (emphasis added); *see also Burke v. Hawkeye National Life Ins. Co.*, 474 N.W.2d 110, 114 (Iowa 1991) (third-party involvement necessary to establish intentional interference with contract). The contract at issue in the present case was between Plaintiff and Defendant—no third party was involved. Lacking the requisite third-party involvement, the court finds it is unnecessary to evaluate the remaining elements.

During oral argument, counsel for Plaintiff cited *Niblo v. Parr Mfg., Inc.*, for the premise that a cause of action for tortious interference with a contract may in fact be maintained in an employment context. *See Niblo v. Parr Mfg., Inc.*, 445 N.W.2d at 352–53. However, *Niblo* was based on language used by the court in *Springer v. Weeks & Leo Co.*, 429 N.W.2d at 560. In deciding an "appeal following remand" of *Springer*, the Iowa Supreme Court reconsidered its language in the original *Springer* decision, and determined that tortious interference with a contract was *not* an appropriate label for the newly-recognized cause of action. *Springer v. Weeks & Leo Co., Inc.*, 475 N.W.2d 630, 632–33 (Iowa 1991) ("Springer II"). As stated by the court, "[b]ecause our reference to a 'tortious interference with the employee's contract for hire' may have confused the issue, we will in the future refer to this type of claim as [a] *retaliatory or wrongful discharge claim.*" *Id.* at 633. (emphasis added). In light of the court's earlier discussion of wrongful discharge, summary judgment on this count is granted.

### E. Intentional Infliction of Emotional Distress

■ Finally, in Division IV of his complaint, Plaintiff claims damages based on Defendant's alleged intentional infliction of emotional distress. To establish a claim in an Iowa court for intentional infliction of emotional distress, Plaintiff must show 1) the Defendant's conduct was outrageous;

2) that Defendant acted intentionally and recklessly; and 3) that Plaintiff suffered severe and extreme emotional distress as a result of Defendant's actions. *Tomash v. John Deere Industrial Equip. Co.*, 399 N.W.2d 387, 392 (Iowa 1987); *Coontz v. Gordon Jewelry Corp.*, 439 N.W.2d 223 (Iowa Ct.App.1989).

Plaintiff alleges Defendant's actions preceding the termination of Plaintiff constitute outrageous conduct. Specifically, Plaintiff alleges Defendant terminated him and other employees for pretextual reasons, and has a "pattern or practice of protecting certain employees from lay-off and creating new job titles." *See* paragraphs 8–9 in Plaintiff's Statement of Facts filed in resistance to Defendant's motion for summary judgment. In Plaintiff's complaint, Plaintiff also suggests Defendant deliberately failed to dispose of the Swartzendruber actions. Division I, ¶ 7 of Plaintiff's Complaint.

In analyzing this claim, the court must view the facts in a light most favorable to Plaintiff. *Holloway v. Lockhart*, 813 F.2d at 878. Nevertheless, due to the strict standard for determining "outrageousness" established by the Iowa Supreme Court, this court cannot agree with Plaintiff's assessment. *See Reihmann v. Foerstner*, 375 N.W.2d 677, 681 (Iowa 1985); *Harsha v. State Savings Bank*, 346 N.W.2d 791, 801 (Iowa 1984). In *Harsha*, the court defined outrageous conduct as conduct " 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Harsha v. State Savings Bank*, 346 N.W.2d at 801 (*quoting Restatement (Second) of Torts* § 46, Comment d (1965).

Although the Swartzendruber situation likely had some impact on Plaintiff's termination, the fact Defendant told Plaintiff he was "laid off" in a consolidation effort does not amount to outrageous conduct. It is well established that at-will employees may be terminated without *any* reason provided a public policy violation is not involved. *See e.g. Moody v. Bogue*, 310 N.W.2d 655, 658 (Iowa Ct.App.1981). Therefore, absent an underlying public policy violation, the *reason given* for a termination is of no

consequence. Similarly, an employer has every right to favor one employee over another in a potential lay-off situation, provided the employer does not "discriminate" as defined in a union contract, or pursuant to Iowa or federal statutes.

Finally, the record contradicts the fact Crane deliberately failed to dispose of the complaints filed by Swartzendruber. Elise Kopczick (apparently in charge of human resources for Crane) states in her deposition that the direct goal of the company was in fact to *resolve* the case. Kopczick Deposition, at 19. The fact Crane was unwilling to meet Swartzendruber's settlement demands does not amount to outrageous conduct—especially when Plaintiff himself felt the claims were without merit.

Because Plaintiff is unable to establish the "outrageous" element, there is no need to discuss the remaining elements. Defendant's motion for summary judgment with respect to the claim for intentional infliction of emotional distress is therefore, granted.

III. CONCLUSION

For the reasons expressed above, Defendant's Motion for Summary Judgment is GRANTED on all counts.

IT IS SO ORDERED.