**VULCRAFT SALES CORPORATION, A DIVISION OF NUCOR CORPORATION, Defendant.**

**No. 1:92–CV–304.**

United States District Court, W.D. Michigan, S.D.

Sept. 15, 1993.

Bradley K. Glazier, Ronald M. Stella, Buchanan & Bos, Grand Rapids, MI, for plaintiff.

Charles S. Mishkind, Deborah M. Derby, Miller, Canfield, Paddock & Stone, Grand Rapids, MI, Christopher E. Hoyme, Berens & Tate, Omaha, NE, for defendant.

### *OPINION*

QUIST, District Judge.

Plaintiff, Andrew Ensing, is seeking recovery against his employer, Vulcraft Sales Corporation, a division of Nucor Corporation (Nucor), for wrongful discharge on grounds

of handicap discrimination.[1] The parties agree that plaintiff is handicapped and that his condition resulted from a work-related injury that occurred in 1988, when he fell through a roof panel on a construction site and injured his shoulder and hip.

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR SETTLEMENT, WORKERS' COMPENSATION, AND UNEMPLOYMENT BENEFITS

Plaintiff moves for exclusion of evidence of workers' compensation benefits he received as a result of his injury and the settlement agreement that he entered into with third parties which provides, *inter alia*, monthly compensation to plaintiff for the remainder of his life. Plaintiff characterizes the settlement payments as compensation for medical expenses and pain and suffering. He states that he did not receive compensation for future lost wages because he had returned to work at the time the settlement was executed. Plaintiff also moves for exclusion of any evidence of unemployment compensation that he received after his discharge from Nucor's employment on May 1, 1991.

Plaintiff argues that exclusion of the settlement agreement evidence is required by Michigan Rule of Evidence (MRE) 408 and that all of the payments should be excluded under the collateral source doctrine and MRE 403, which excludes evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Plaintiff is concerned that the evidence of settlement will suggest to the jury that he has been compensated for his injury and that his financial status does not merit an award of damages for wrongful discharge.

Defendant objects only to the exclusion of the settlement agreement, not the workers' compensation and unemployment benefits. It argues that the settlement agreement should be admitted because it reflects on plaintiff's motivation to work diligently at a job in which compensation is partly based on commission. Defendant maintains that the

settlement is relevant to show, in part, why plaintiff's work performance declined and why plaintiff failed to mitigate damages. Defendant also argues that the settlement should be admitted to inform the jury that plaintiff has already been compensated for the pain and emotional distress he has suffered or will suffer because of his injury.

### Rule 408: Admissibility of Settlement Evidence

■ Michigan's rule of evidence regarding the admissibility of settlement is identical to Federal Rule of Evidence 408 and provides:

RULE 408. COMPROMISE AND OFFERS TO COMPROMISE

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Plaintiff's claim that Rule 408 requires exclusion of the settlement is not supported by *McHann v. Firestone Tire and Rubber Co.*, 713 F.2d 161 (5th Cir.1983), the only case plaintiff cites on the issue. *McHann* concerns a settlement with one entity of the claim then pending before the court. Evidence of the settlement was excluded because it went to the liability of the litigants. *Id.* at 166. In contrast, the settlement at issue here involved a prior claim and defen-

---

1. The case was limited to this claim by a grant of partial summary judgment. A copy of the summary judgment order is attached.

dant does not propose to use it to establish or disprove liability in the instant case. Weinstein's commentary on Rule 408 states: "where the settlement negotiations and terms explain and are part of another dispute they must often be admitted if the trier is to understand the case." Weinstein's Evidence at 408–39.

The instant case is similar to *Springer v. Weeks & Leo Co., Inc.*, 475 N.W.2d 630 (Iowa 1991), a wrongful discharge case in which evidence of the settlement of a workers' compensation claim was admitted into evidence. On appeal the court ruled that the settlement was properly admitted because it was relevant to the employer's claimed motivation for discharging the plaintiff. *Id.* at 634.

### The Collateral Source Doctrine

■ The collateral source rule bars evidence of recovery of damages from other sources when introduced for the purpose of mitigating damages. *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 58, 457 N.W.2d 637, 649 (1990). As the Michigan Supreme Court explained: "The rule is not an absolute bar to the admission of such evidence, however. Most jurisdictions, for example, recognize an exception to the general rule of exclusion where the evidence is sought to prove malingering or motivation on the plaintiff's part not to resume employment or to extend the disability." *Id.*

Michigan adopted this exception in *Blacha v. Gagnon*, 47 Mich.App. 168, 209 N.W.2d 292 (1973), with the requirement that a foundation must first be laid to establish the relevance of the evidence. In *Blacha*, which involved an allegation that the plaintiff's injuries were not as extensive as he claimed and that he postponed returning to work because he had another source of income, the court held that the trial court could admit the evidence, provided it instructed the jury that "if plaintiff's contention is believed [the compensation] may not serve to mitigate damages." *Id.* at 178, 209 N.W.2d at 297. *See also Richards v. Pierce*, 162 Mich.App. 308, 412 N.W.2d 725, 730 (1987) (no abuse of discretion in admitting evidence of compensation from an independent source where incentive to work was a legitimate question and

the court instructed the jury to consider evidence of collateral benefits only as to their bearing on motivation).

### *Rule 403*

■ Both the federal and the Michigan Rule of Evidence 403 provides:

Rule 403. EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, OR WASTE OF TIME

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Plaintiff has a legitimate concern that evidence of the settlement may be prejudicial, in that it may lead the jury to decrease damages. This potential prejudice does not, however, outweigh the probative value of the motive evidence relevant to the defense. Plaintiff's concern should be addressed by an instruction to the jury described above, cautioning them not to consider the work injury settlement as compensation for any part of the wrongful discharge claim. Under Michigan law, a plaintiff is entitled to "seek recovery for those damages, physical, mental or emotional, which [plaintiff] can prove were unrelated to the disability already compensated for by the [settlement] agreement." *Slayton v. Michigan Host, Inc.*, 144 Mich. App. 535, 559, 376 N.W.2d 664, 667 (1985).

In plaintiff's reply brief, he raises the concern that Nucor plans to make plaintiff's structured settlement payouts an enlarged exhibit and that defendant might thereby focus the jury's attention on plaintiff's financial well-being. This should be addressed by instructing defendant to make limited use of the evidence, only to inform the jury of possible motive and not to explain, in detail, Ensing's current and future financial condition.

For the reasons stated above, plaintiff's motion should be DENIED as to the settlement agreement and GRANTED as to the workers' compensation and unemployment payments.

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ITS PROGRESSIVE DISCIPLINARY POLICY

Defendant argues that its progressive disciplinary termination policy is irrelevant to the wrongful discharge claim remaining in the action since plaintiff has pled only discrimination and not disparate treatment. Plaintiff's response cites several cases from other jurisdictions that support the use of an employer's failure to follow its own established procedures as evidence of discrimination. *See Giacoletto v. Amax Zinc Co., Inc.,* 954 F.2d 424, 427 (7th Cir.1992) (evidence that company followed its own termination procedures presented as indirect evidence that proffered justification was pretextual); *Johnson v. Lehman,* 679 F.2d 918, 922 (D.C.Cir.1982) (trier of fact may deem as probative of motive the failure of employer to follow its own policies).

The Michigan cases defendant cites do not suggest a contrary result. Moreover, plaintiff includes in the complaint allegations that defendant failed to follow its own procedures. Thus defendant will not be prejudiced or surprised by the use of this evidence.

For the reasons stated above, defendant's motion in limine to exclude evidence of its progressive disciplinary policy should be DENIED. An Order consistent with this Opinion will be entered.

### *ORDER*

**IT IS HEREBY ORDERED** that plaintiff's Motion In Limine Regarding Unemployment Benefits, Workers' Compensation Benefits and Prior Settlement (docket entry # 43) is **DENIED** as to the settlement agreement and **GRANTED** as to the workers' compensation and unemployment benefits.

**IT IS FURTHER ORDERED** that defendant's Motion In Limine Regarding Termination Policy (docket entry # 46) is **DENIED.**